```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Steven S. Brown,

       Plaintiff,

  v.                              Case No. 2:13-cv-0006

Director Mohr, et al.,       JUDGE PETER C. ECONOMUS
                                       Magistrate Judge Kemp

       Defendants.

<u>REPORT AND RECOMMENDATION AND ORDER</u>

    This matter is before the Court to consider several pending motions. These include plaintiff Steven S. Brown's motions to dismiss Lt. Yates, for leave to proceed in forma pauperis, for an extension of time to serve defendant Charlie Heiss, requesting re-service of some of the defendants, and for a preliminary injunction. Also pending is a motion for a more definite statement filed by defendant Heiss. Only some of these motions have been fully briefed, but all are ripe for decision. For the following reasons, it will be recommended that the motion for a preliminary injunction be denied. The remaining motions are resolved as set forth below.

    I.  <u>Mr. Brown's Motion for a TRO or Preliminary Injunction</u>

    Mr. Brown contends that a TRO or preliminary injunction is necessary primarily because he is being denied medical care. He also indicates that he was being denied kosher food but is now unhappy with the nature of the kosher food he is provided because it is inadequate for a diabetic. Further, he asserts that he is suffering retaliation for having taken legal action and this includes being placed in a cell with Nazis and "skinheads" because he is Jewish. He has submitted both a sworn statement in support of his motion and eighteen exhibits detailing his medical

history dating back to 1999, demonstrating his requests for kosher meals, and indicating his belief that he is being retaliated against for pursuing legal action.

In response, defendants have submitted a declaration from Kelli Cardaras, a licensed and registered nurse employed at RCI and the custodian of the medical records of the inmates housed there. According to this declaration, Mr. Brown does not suffer from all of the conditions that he alleges. Further, he has received continuing medical treatment for the serious conditions which have been diagnosed. However, Mr. Brown either disagrees with or chooses not to comply with at least some of that treatment.

Relying on this declaration, defendants argue that Mr. Brown's factual allegations regarding the denial of medical care are without merit. They also contend that Mr. Brown has requested no specific relief necessary to preserve the status quo, the very purpose of a preliminary injunction. Additionally, they assert that his claims regarding his need for a kosher diet and retaliation are unrelated to the claims set forth in his complaint.

In reply, Mr. Brown disputes the truthfulness of Ms. Cardaras' declaration at great length.

### A. Legal Standard

In deciding whether to grant a TRO or to grant preliminary injunction, the Court considers the same factors. <u>Ohio Republican Party v. Brunner</u>, 543 F.3d 357, 361 (6th Cir. 2008). These factors include: (1) whether the plaintiff is likely to succeed on the merits, (2) whether the plaintiff is likely to suffer irreparable injury absent an injunction, (3) whether the preliminary injunction will cause substantial harm to others, and (4) whether the public interest would be served by granting the injunction. <u>Hunter v. Hamilton County. Bd. of Elections</u>, 635

F.3d 219, 233 (6th Cir. 2011); see also Rock & Roll Hall of Fame v. Gentile Productions, 134 F.3d 749, 753 (6th Cir. 1998); Winter v. Natural Res. Def. Council, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).  These factors are to be balanced, they are not prerequisites that must be met.  In re Eagle-Picher Indus., Inc., 963 F.2d 855, 859 (6th Cir. 1992); Dayton Area Visually Impaired Persons, Inc. v. Fisher, 70 F.3d 1474, 1480 (6th Cir. 1995).  However, some demonstration of irreparable injury is required for injunctive relief.  Patio Enclosures, Inc. v. Herbst, 39 F. App'x 964, 967 (6th Cir. 2002); see also Winter, 555 U.S. 22-23 (rejecting the notion that a mere "possibility" of irreparable injury was sufficient for a preliminary injunction and holding that "plaintiffs seeking preliminary relief [are required] to demonstrate that irreparable injury is likely in the absence of an injunction").  Further, "a finding that there is simply no likelihood of success on the merits is usually fatal." Gonzalez v. Nat'l Bd. of Med. Exam'rs, 225 F.3d 620, 625 (6th Cir. 2000).

  Mr. Brown bears the burden of demonstrating that he is entitled to a preliminary injunction.  Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  Overstreet v. Lexington-Layette Urban Cnty. Gov't, 305 F.3d 566, 573 (6th. Cir. 2002); Winter, 555 U.S. at 24.  Further, the "proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion."  Leary v. Daeschner, 228 F.3d 729, 739 (6th Cir. 2000).  Additionally, where a prison inmate seeks an order enjoining state prison officials, courts are required to proceed carefully and with an awareness of the unique nature of the prison setting.  See Kendrick v. Bland, 740 F.2d 432, 438, n. 3 (6th Cir. 1984).  It

is with these standards in mind that the Court will consider Mr. Brown's motion.

## B. Analysis

Briefly, at the outset, to the extent that Mr. Brown is requesting to be placed on a kosher diet and, to the extent that such a claim can be construed as relating to the allegations of the complaint, it is not a claim sufficient to support the issuance of a TRO or preliminary injunction. See Jarrett v. Snyder, 2013 WL 3270911 (W.D. Mich. June 27, 2013); Schuh v. Michigan Dept. of Corrections, 2010 WL 3648876, *2 (W.D. Mich. July 26, 2010), affirmed 2010 WL 3655654 (W.D. Mich. Sept. 16, 2010) (demand to be placed on religious diet does not present the type of immediate and irreparable injury meriting a TRO); Daly v. Lappin, 2006 WL 468723, *1 (S.D. Ill. Feb. 27, 2006) (request to prevent removal from kosher diet does not demonstrate immediate and irreparable harm necessary to obtain a TRO).

More substantively, at this point, the Court cannot determine whether Mr. Brown has demonstrated a likelihood of success on the merits on any of his claims. With respect to his allegation that he is being denied medical treatment or that his kosher diet is not meeting his medical needs, to establish an Eighth Amendment violation premised on inadequate medical care, Mr. Brown must demonstrate that the defendants acted with "deliberate indifference to serious medical needs." Farmer v. Brennan, 511 U.S. 825, 835 (1994), quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976). To rise to the level of an Eighth Amendment violation, a prison official must "know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference. Farmer, 511 U.S. at 837-38. Where a prisoner has received some medical attention and the dispute is over the

-4-

adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments. Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). From Mr. Brown's own submissions regarding his medical care as well as the information provided by the defendants, his allegations suggest nothing beyond a dispute over the adequacy of treatment he is receiving.

In order to succeed on his retaliation claim, to the extent it relates to the allegations of the complaint, Mr. Brown must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999)(en banc). Moreover, Mr. Brown must be able to prove that the exercise of the protected right was a substantial or motivating factor in the alleged retaliatory conduct of placing him in a cell with Nazis or "skinheads." See Smith v. Campbell, 250 F.3d 1032, 1037 (6th Cir. 2001), citing Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Mr. Brown has not provided any factual support for this claim beyond his bare statement of retaliation. Consequently, the Court cannot determine whether Mr. Brown's allegation of retaliation forms the basis for a finding of a constitutional violation.

To the extent that Mr. Brown may be suggesting that he has been placed in some kind of danger for having been "celled" with a Nazi or "skinhead," the Eighth Amendment generally prohibits prison officials from being "deliberately indifferent" to the health or safety of prison inmates and, as a result, causing them to suffer unnecessary or purposeless pain or injury. In Farmer v. Brennan, 511 U.S. 825, 839 (1994), the Court adopted "subjective recklessness as used in the criminal law" as the

appropriate definition for deliberate indifference.  It held that "a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety ...."  Id. at 837.  Officials must be aware of facts from which they could conclude that a substantial risk exists and must actually draw that conclusion.  Id.  Prison officials who know of a substantial risk to the health or safety of an inmate are free from liability if "they responded reasonably to the risk, even if the harm ultimately was not averted."  Id. at 844.  As with his allegation of retaliation, Mr. Brown has not provided any factual support for this claim.  Consequently, the Court cannot determine whether Mr. Brown's allegations form the basis for a finding of a constitutional violation.

   Further, Mr. Brown has not demonstrated that he will suffer irreparable harm if his motion is not granted.  At best, Mr. Brown has alleged a lengthy history of medical conditions for which he has received medical treatment but he is unsatisfied with the treatment he has received.  As noted, his remaining allegations are far less detailed than those relating to his medical treatment.  As a result, Mr. Brown has not demonstrated the imminence, or even the likelihood, of physical injury sufficient to support the issuance of preliminary injunctive relief.  See, e.g., Johnson v. Payton, 2013 WL 1843979, *3 (E.D. Mich. April 10, 2013), affirmed 2013 WL 1843971 (E.D. Mich. May 1, 2013), citing Winter, 555 U.S. 7 at 22; 11A C. Wright, A. Miller, M. Kane, Federal Practice and Procedure: Civil 2d §2948 at 153-56 (West 1995) ("Speculative injury is not sufficient," and "a preliminary injunction will not be issued simply to prevent the possibility of some remote future injury.  A presently existing actual threat must be shown.").  Consequently, this factor does not weight in favor of granting a preliminary

injunction.

The third factor, frequently termed "the balance of equities" also weighs against a preliminary injunction. See Rhinehart v. Scutt, 2013 WL 28095, *5 (6th Cir. January 2, 2013). This factor requires the Court to weigh the interests of the defendants against Mr. Brown's interest in receiving medical care and in being free from retaliation or the threat of harm. Because, as discussed above, Mr. Brown has shown neither a likelihood of success on the merits or irreparable harm, this balance weighs against preliminary injunctive relief. Id.

Finally, no public interest would be served by granting Mr. Brown the relief he seeks. Interference by federal courts in the administration of state prison matters is generally disfavored. See Johnson v. Payton, 2013 WL 1843979 at *5, citing Glover v. Johnson, 855 F.2d 277, 286-87 (6th Cir. 1988) ("Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a showing of a violation of constitutional rights."). Consequently, the public interest does not support the remedy of injunctive relief. For all of these reasons, the Court will recommend that Mr. Brown's motion for a TRO or preliminary injunction be denied.

    II.   Motions Regarding Service (Docs. 38 and 41)

The Court's discussion of these motions requires some brief background. By order dated January 4, 2013, this case was severed from the original case filed in the Western Division and then transferred to this Court. Prior to the transfer, the Magistrate Judge assigned to the case in the Western Division granted plaintiff's motion for an order directing the United States Marshal to serve defendants with the complaint and summonses. By order issued May 14, 2013, this Court directed

-7-

service on certain defendants - Dr. Krisner, Warden Jeffries, Nurse Smith, Insp. Whitten, DW Upchurch, Ms. Ward, Mr. Seacrest, Lt. Yates, Gary Croft, Mr. Heiss, and Ron Eleby - because they did not appear to have been served in response to that previous order.  Service appears to have been completed on several of those particular defendants in this case with the exceptions of Ron Eleby and Nurse Smith.

On November 13, 2013, plaintiff filed a motion requesting that the Court order that defendant Heiss be re-served.  By order dated November 15, 2013, the Court granted plaintiff's motion on the condition that he provide a service copy of the complaint, a completed summons and USM-285 for Mr. Heiss within fourteen days. On January 22, 2014, Mr. Heiss filed a motion for a more definite statement in which he states that he accepted service on December 18, 2013.  To this extent, Mr. Brown's motion (Doc. 38) is moot. Mr. Brown's motion for an extension, however, also raises issues regarding the status of service on several other defendants.  Mr. Brown raises similar issues in his motion requesting re-service (Doc. 41) relating to the same defendants as well as additional defendants.  It is to this issue that the Court will now turn.

According to Mr. Brown, there is no record that certain defendants, who appear to have been served in connection with the original case filed in the Western District, have properly been served in this case.  In his motion for an extension, Mr. Brown refers specifically to defendants Stout, Trout, Clark, Reese, Mohr, Dolan, Smith, Rutherford, Eleby and "John and Jane Doe's Medical."  <u>See</u> Doc. 38.  He requests that the Court direct that these defendants be re-served.  In his motion requesting re-service, Mr. Brown contends that Director Mohr, Ed Voorhies, Trevor Clark, Ryan Dolan, Dr. Eddy, Austin Stout, Greg Trout, and Mary Anne Reese have been served in connection with the Western District case but this Court's docket does not reflect service on

these defendants. See Doc. 41. Further, he states in this latter motion that Nurse Smith, Ryan Dolan, Ron Eleby, Inspector Whitten, D.W. Operations, Gary Croft, and C/O Burke have not been served at all because defense counsel has refused to respond to his discovery requests seeking their addresses. He requests that the Court order defense counsel to provide addresses for these individuals to the United States Marshal so service may be completed.

Briefly, defendants Eddy, C/O Burke, D.W. Operations, Reese and Rutherford are not named as defendants in this case. The order (Doc. #12) severing and transferring this case ordered specifically that:

> 1. The following claims be severed from this case and transferred to the Eastern Division of this Court at Columbus:
>
> (a) Plaintiff's claims against the following defendants based on the conditions of confinement and the propriety of a variety of incidents that allegedly occurred at RCI when plaintiff was incarcerated there, including the decision to transfer plaintiff from RCI back to the "higher security" prison at SOCF allegedly "in retaliation for making complaints" at RCI: ODRC Director Gary Mohr; Warden Jefferies; Deputy Warden Upchurch; Ryan Dolan; Edwin Voorhies; Mr. Eleby; ODRC attorneys Trout, Stout, and Clark; Dr. Krishner; Nurse Smith; Inspector Robert Whitten; Ms. Ward; Mr. Seacrest; Lt. Yates; Gary Croft; and Mr. Heiss. The claims are based on allegations contained in ¶¶12-25, 27-28, and 32-33 of the complaint.
>
> (b) Plaintiff's claim against defendant Mohr alleged in ¶83 of the complaint.

Consequently, the Court will not direct that defendants Eddy, C/O Burke, D.W. Operations, Reese or Rutherford be re-served in this case.

Further, to the extent that Mr. Brown seeks service upon John and Jane Doe defendants, as previously explained to him,

-9-

before service may be issued upon those defendants, he must file a motion to issue service setting forth their identities.  Mr. Brown's present motions do not do so and the Court will not direct service on the John and Jane Doe defendants.

Additionally, the Court notes that, despite Mr. Brown's representations to the contrary, the Court's docket reflects that service has been made on both Gary Croft and Insp. Whitten and they have been active litigants in this case.  Consequently, the Court will not order service to be made on these defendants.

This brings the Court to the issue of the need for service upon defendants Stout, Trout, Clark, Mohr, Dolan, Eleby, Voorhies and Smith.  It appears that at least some of these defendants (Stout, Trout, Clark, Mohr, Voorhies, and Dolan) may have been served with both a copy of the original complaint filed in the Western Division and a copy of that Court's order severing and transferring to this Court various claims against them.  See Brown v. Mohr, Case No. 1:12-cv-583 (Docs. #12, #25 and #34).  However, to the extent this may be so, these defendants have not filed an answer or otherwise responded to the complaint in this case.  There is not, however, any independent record of service upon these same defendants in this case.  The Court's docket further reflects that summonses were returned unexecuted as to defendants Eleby and Smith.  See Docs. #21 and #22.

Mr. Brown contends that he has been unable to perfect service on defendants Dolan, Smith and Eleby because he does not have their current addresses and defendants will not provide them in response to his discovery request.  Mr. Brown requests that the Court order defendants to provide the addresses to the United States Marshal for service, and there is an indication in the record of defendants' willingness to do so.  See Response in Opposition to Motion to Compel Discovery (Doc. 28).  While this Court has no obligation to do so, other courts under similar

-10-

circumstances have ordered such information provided to the United States Marshal. See Baldwin v. Croft, 2013 WL 172870 (N.D. Ohio January 16, 2013) (directing prison warden to provide U.S. Marshal service with defendants' last known addresses); Ely v. Smith, 2008 WL 2076651 (E.D. Tenn. May 15, 2008)(court ordered state prison to provide Marshal with current addresses of former prison employee); see also Fitts v. Sicker, 2007 WL 419623 (6th Cir. February 8, 2007) (Court of Appeals recognized that district court could have directed department of corrections to provide a defendant's last known address). Consequently, the Court will direct defendants to provide the U.S. Marshal Service with the last known addresses for defendants Dolan, Smith and Eleby within fourteen days of the date of this order.

In order to clarify the record here, Mr. Brown shall submit a service copy of the complaint, a completed summons and a USM-285 for defendants Stout, Trout, Clark, Mohr, Dolan, Eleby, Voorhies and Smith within fourteen days of the date of this order. Once those forms are received from Mr. Brown and the relevant addresses are received from defendants, it is ordered that the United States Marshal serve by certified mail a copy of the complaint, summons, and a copy of this order, upon each of these defendants at each of the addresses shown on the Process Receipt and Return forms which have been completed by the plaintiff or which have been provided by the defendants. To this extent, Mr. Brown's motions for an extension of time and motion to re-serve (Docs. 38 and 41) are granted.

### III. Remaining Motions

#### A. Motion to Dismiss (Doc. 34), Motion to Proceed In Forma Pauperis (Doc. 35), and Motion for a More Definite Statement (Doc. 46)

Turning first to the motion to dismiss Lt. Yates, although Mr. Brown does not indicate which procedural rule he is

proceeding under, he states in his motion that he incorrectly named Lt. Yates in this action.  Rules 15 and 21 set forth the standards for allowing a party to amend its pleadings to remove parties and, as relevant here, both require leave of court.  In this case, Mr. Brown already has been granted leave to file, and has filed, an amended complaint which does not name Lt. Yates as a defendant.  Consequently, the motion to dismiss Lt. Yates is moot.

With respect to Mr. Brown's motion to proceed in forma pauperis, the Court's docket reflects that he paid the filing fee in full on November 8, 2012.  Consequently, the motion for leave to proceed in forma pauperis also is moot.

Finally, the motion for a more definite statement has been rendered moot by Mr. Brown's filing of an amended complaint.

## V.   Recommended Disposition and Order

For the reasons set forth above, it is recommended that the motion for a temporary restraining order or preliminary injunction(Doc. 47) be denied.  Further, the motion for an extension of time (Doc. 38) and the motion to re-serve (Doc. 41) are granted as set forth above.  Finally, the motion to dismiss Lt. Yates (Doc. 34), the motion to proceed in forma pauperis (Doc. 35), and the motion for a more definite statement (Doc. 44) are moot and shall be removed from the Court's pending motions list.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or

recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

APPEAL PROCEDURE

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp  
United States Magistrate Judge