**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **STEVEN S. BROWN,**<br>　　　　**Plaintiff,**<br>　　v.<br>**DIRECTOR MOHR,** *et al.*,<br>　　　　**Defendants.** | **Case No. 2:13-cv-006**<br>**Judge Peter C. Economus**<br>**Magistrate Judge Kemp**<br>**MEMORANDUM OPINION AND ORDER** |

This matter is before the Court for consideration of Magistrate Judge Terrence P. Kemp's Report & Recommendation ("R & R") (ECF No. 53.), Plaintiff Steven S. Brown's ("Mr. Brown") objections to the R & R (ECF No. 55), and Defendants' objections to the R & R (ECF No. 57). For the reasons that follow, the Court **OVERRULES** Mr. Brown's objections and **SUSTAINS** Defendant's objections. Therefore, the Court **AFFIRMS** the R & R in part and **MODIFIES** the R & R in accordance with the following Memorandum Opinion and Order.

**I.    Background**

Mr. Brown, a prison inmate, brings this *pro se* civil rights action against numerous defendants. This case came before the Court by way of a transfer from the United States District Court for Southern District of Ohio, Western Division. In the Western Division, Magistrate Judge J. Gregory Wehrman issued an R & R dismissing some of Mr. Brown's original claims, and transferring other claims to the United States District Court for Southern District of Ohio, Eastern Division. (ECF No. 12.)

Following the transfer, Mr. Brown filed a Second Amended Complaint in this Court. (ECF No. 51.) In the Second Amended Complaint, Mr. Brown alleges the following: an Eighth Amendment violation of his right to be free from cruel and unusual punishment under the deliberate indifference standard for denial of medical treatment; retaliation for having taken legal

action and this includes being placed in a cell with Nazi's and skinheads because he is Jewish; denial of adequate kosher food; and many other claims.

Magistrate Judge Terrence P. Kemp issued an R & R (ECF No. 53) resolving several motions that were pending. In his report, the Magistrate Judge recommended that Mr. Brown's motion for a temporary restraining order or preliminary injunction (ECF No. 47) be denied. The Magistrate Judge granted Mr. Brown's motion for an extension of time (ECF No. 38) and his motion to re-serve defendants (ECF No. 41). The Magistrate Judge directed Defendants to provide the U.S. Marshal Service with the last known addresses for defendants Dolan, Smith and Eleby within fourteen days. Magistrate Judge Kemp further ordered Mr. Brown to submit a service copy of the complaint, a completed summons, and a USM-285 for defendants Stout, Trout, Clark, Mohr, Dolan, Eleby, Voorhies and Smith within fourteen days. Finally, the Magistrate Judge denied as moot Mr. Brown's motion to dismiss Lt. Yates (ECF No. 34) and motion to proceed *in forma pauperis* (ECF No. 35), and Defendants' motion for a more definite statement (ECF No. 44).

Both, Defendants and Mr. Brown, filed an Objection to the Magistrate Judge's R & R.

## II.  Standard of Review

### A.  Magistrate Judge's Dispositive Orders

A district court must review *de novo* those portions of a magistrate judge's report to which a specific objection has been made, and may accept, reject, or modify any of the magistrate judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "However, the district court need not provide *de novo* review where the objections are . . . general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks and citations omitted). "The objections must be clear enough to enable

the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

### B. Magistrate Judge's Nondispositive Orders

Under Rule 72(a) of the Federal Rules of Civil, a party may file a motion requesting a district judge to reconsider a magistrate judge's nondispositive order. District judges "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also, United States v. Raddatz*, 447 U.S. 667, 673 (1980) (finding that a district court shall apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive, preliminary measures"). "The clearly erroneous standard applies to factual findings made by the Magistrate Judge, while legal conclusions are reviewed 'under the more lenient contrary to law standard.'" *Itskin v. Gibson*, No. 2:10-CV-689, 2012 WL 787400 (S.D. Ohio Mar. 9, 2012) (quoting *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir.1994) (table)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 398 (1948); *Hagaman v. Commissioner of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992). A court's review under the "contrary to law" standard is plenary, and the court "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee*, 785 F.Supp. at 686 (citations and internal quotations omitted); s*ee also Itskin*, 2012 WL 787400 (S.D. Ohio Mar. 9, 2012).

**III.    Analysis**

    **A.    Mr. Brown's Objections**

        *1.    Mr. Brown Objects to the Magistrate Judge's Recommendation that the Court Deny His Motion for Preliminary Injunctive Relief.*

First, Mr. Brown objects to the Magistrate Judge's recommendation that the Court deny his motion for preliminary injunctive relief. (ECF No. 55.) A motion for preliminary injunction is a dispositive motion. Therefore, the Court will review *de novo* the portion of the R & R discussing preliminary injunction. In determining whether to grant a preliminary injunction, courts consider four factors: "(1) the likelihood that the movant will succeed on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not granted; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the injunction advances the public interest." *Jones v. Caruso*, 569 F.3d 258, 270 (6th Cir. 2009); *see also*, *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008). "These four considerations are 'factors to be balanced, not prerequisites that must be met.'" *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (quoting *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003)). A stronger showing of likelihood of success is required as the other factors militate against granting relief, but less likelihood of success is required when they do support granting relief. *Performance Unlimited, Inc. v. Questar Publ'rs, Inc.*, 52 F.3d 1373, 1385–86 (6th Cir. 1995). "Moreover, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *City of Monroe*, 341 F.3d at 476.

The purpose of a preliminary injunction is to maintain the relative positions of the parties until proceedings on the merits can be conducted. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395

(1981). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). When an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are "especially critical" because such an order necessarily "intrudes significantly into the prerogatives of state correctional officials . . . ." *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *see also*, *Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. 1984) ("where state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities").

Mr. Brown requests a preliminary injunction related to his claims that Defendants provided inadequate medical care in violation of the Eighth Amendment to the United States Constitution. To establish an Eighth Amendment violation premised on inadequate medical care, Mr. Brown must demonstrate that the defendants acted with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To rise to the level of an Eighth Amendment violation, a prison official must "know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837-38. "Furthermore, a difference of opinion between a prisoner and a doctor over diagnosis or treatment also fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need." *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001) (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

In his objection, Mr. Brown primarily argues that he has proven the second element of the preliminary injunction standard *i.e.*, the likelihood he will suffer irreparable harm if the injunction is not granted. Mr. Brown contends that because he is currently in pain and not receiving any medication, the R & R should be rejected and his motion for preliminary injunction should be granted. This allegation, however, does not rise to the level that would warrant a preliminary injunction. *See Dearing v. Mahalma*, No. 1:11-CV-204, 2011 WL 3739029 (S.D. Ohio Aug. 24, 2011) (plaintiff's allegation the he is not receiving pain medication was not sufficient to overturn an R & R and grant preliminary injunction). Moreover, Mr. Brown fails to demonstrate the other elements of the preliminary injunction standard. Particularly, Mr. Brown does not show any likelihood of success on the merits. Mr. Brown argues the Magistrate Judge incorrectly found he received medical care, and that the records show "a complete denial of medical care for plaintiff's serious illness." (ECF No. 55 at 2.) Although Mr. Brown may disagree with his treatment because of changes made to some of his medical orders, this Court agrees with Magistrate Judge Kemp that Mr. Brown is receiving at least some level of adequate medical care. In no way does the record demonstrate that Mr. Brown is receiving no medical care at all. Mr. Brown may disagree with a doctor's treatment or diagnoses, but a difference of opinion does not rise to the level of an Eighth Amendment violation. *See Brock*, 8 F. App'x at 440.

The Court has thoroughly examined Mr. Brown's medical documents and finds that Mr. Brown does not allege sufficient facts to warrant granting the extraordinary relief he requests. Accordingly, the Court **OVERRULES** Mr. Brown's first objection (ECF No. 55), and **ADOPTS** the portion of the R & R that denies Mr. Brown's motion for preliminary injunction (ECF No. 47).

### *2.     Mr. Brown Objects to Not Being Granted In Forma Pauperis Status*

Second, Mr. Brown objects to Magistrate Judge Kemp's recommendation to deny Mr. Brown's motion to proceed *in forma pauperis*. "Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong and how . . . review will obtain a different result on that particular issue." *Martin v. E.W. Scripps Co.*, No. 1:12CV844, 2013 WL 5876172, at *2 (S.D. Ohio Oct. 30, 2013) (citing *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991)). "Merely restating arguments previously presented, stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge." *Id*. The Court finds that Mr. Brown's objection is too general because it does not pinpoint any portion of the Magistrate Judge's R & R that is clearly erroneous or contrary to law. Mr. Brown provides no discussion as to why the Magistrate Judge's decision is wrong, and merely restates the arguments that he already made. Therefore, the Court **OVERRULES** Mr. Brown's second objection (ECF No. 55), and **ADOPTS** the portion of the R & R that denies as moot Mr. Brown's motion to proceed *in forma pauperis*.

### *3.     Mr. Brown Objects to Only Having 14 Days to Send Service Documents*

Third, Mr. Brown "objects to only being given 14 days to send in service documents and having to re-serve defendants who have already been served and given notice of the suit by the Court in Cincinnati." (ECF No. 55 at 3.) Mr. Brown argues that it is not fair for the Court to require him re-serve Defendants that were already served in the Western Division. The Court finds that Mr. Brown's third objection is also too general. Mr. Brown's objection does not pinpoint any portion of the Magistrate Judge's R & R that is clearly erroneous or contrary to law. Moreover, Defendants have not been served with copy of Mr. Brown's Second Amended

Complaint. As Mr. Brown points out in his objection, Defendants have not waived service. (ECF No. 55 at 4.) Therefore, service is required. The Court **OVERRULES** Mr. Brown's third objection (ECF No. 55), and **ADOPTS** the portion of the R & R that requires Mr. Brown to serve Defendants within 14 days.

### B. <u>Defendants' Objection</u>

#### 1. *Defendants Object to the Portion of the R & R Requiring Them to Provide the Addresses for Defendants Dolan and Eleby*

Defendants object to the portion of the R & R requiring them to provide the addresses for Defendant Dolan and Defendant Eleby. For the reasons that follow, the Court **SUSTAINS** Defendants objection. First, Defendants note that Mr. Brown already has the correct address of Defendant Dolan. (ECF No. 57 at 3.) In his Second Amended Complaint, Mr. Brown used the address 770 W. Broad Street, Columbus, Ohio 43222 for Mr. Dolan. (ECF No. 52 at 9.) Defendants contend that this is Mr. Dolan's correct address. The Court finds that because Mr. Brown already has Defendant Dolan's proper address the issue is moot. Therefore, Defendants do not have to provide Mr. Brown with Defendant Dolan's address.

Second, Defendants assert that the Court should dismiss claims against Defendant Eleby. Defendants argue that Defendant Eleby is no longer part of this case because he is not included as a party in the Second Amended Complaint. This argument is well-taken. '"The general rule is that an amended pleading supersedes the original and remains in effect, unless again modified, from that point forward."' *Greater Cincinnati Coalition for Homeless v. City of Cincinnati,* No. 1:08–cv–603, 2009 WL 3029661, at *3 (S.D. Ohio Sept. 16, 2009) (quoting 6 Wright, Federal Practice & Procedure § 1476, at 556–57 (2nd ed. 1990 & Supp. 2001)). Once an amended pleading is filed, the original pleading no longer performs any function in the case. *Hartman v. Register,* No. 1:06–cv–33, 2007 WL 915193, at *5 (S.D. Ohio Mar. 26, 2007). The Court finds

that Defendant Eleby is no longer a party to this lawsuit. Therefore, the Court dismisses Defendant Eleby from this action.

## IV. Conclusion

Regarding the R & R, as required by 28 U.S.C. § 636(b) and Rule 72 of the Federal Rules of Civil Procedure, the Court has reviewed of the record in this case. For the reasons discussed above, the Court hereby **OVERRULES** Mr. Brown's Objection (ECF No. 55), and **SUSTAINS** Defendants Objection (ECF No. 57). The Court **AFFIRMS** the R & R in part and modifies it as follows:

> The Court **ORDERS** that Defendants are not required to provide Mr. Brown with Defendant Dolan's address as Mr. Brown already has the correct address of 770 W. Broad Street, Columbus, Ohio 43222.
>
> The Court **DISMISSES** Defendant Eleby from this matter.

**IT IS SO ORDERED.**

*[signature]*
UNITED STATES DISTRICT JUDGE