```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION


Steven S. Brown,                  :

          Plaintiff,              :   Case No. 2:13-cv-0006

    v.                            :   JUDGE PETER C. ECONOMUS
                                      Magistrate Judge Kemp
Director Mohr, et al.,            :

          Defendants.             :
```

## ORDER

This matter is before the Court to consider several pending motions. These motions include defendants' motions to strike the second amended complaint (Doc. 52). Also before the Court are numerous motions filed by plaintiff Steven S. Brown including motions for extension of time to serve additional defendants (Doc. 56), to stay all proceedings (Doc. 62), to lift the requested stay and for an extension of time (Doc. 65), to supplement the amended complaint (Doc. 69), and to appoint counsel (Doc. 75). Defendants also have moved for an extension of time to respond to the motion to debit account for copies and postage. Defendants' motion for an extension of time (Doc. 86) sets forth good cause and will be granted. The remaining motions will be disposed of as set forth below.

### I. Background

Mr. Brown, a state prisoner currently housed in the Southern Ohio Correctional Facility, originally filed this action in the Court's Western Division in August, 2012. In his original complaint, Mr. Brown alleged numerous civil rights violations against 45 individuals employed by the Ohio Department of Rehabilitation and Correction and the Ohio Attorney General's Office. A Magistrate Judge in the Western Division screened the

complaint, dismissed several defendants and claims, severed the claims relating to Mr. Brown's incarceration at the Ross Correctional Institution, and transferred the severed claims to this Court. The surviving claims arising out of events while Mr. Brown was incarcerated at SOCF remain pending in the Western Division as Case No. 1:12-cv-583.

## II.  The Motion to Strike the Amended Complaint and Plaintiff's Motion to Supplement the Amended Complaint

On April 11, 2014, with leave of Court, Mr. Brown filed a second amended complaint in this case. This amended complaint is 42 pages long, names 59 defendants, many of whom are employees at the SOCF, and contains claims relating to the conditions of his confinement at SOCF. Defendants have moved to strike this amended complaint arguing that it does not comply with the previous orders severing the two actions and dismissing certain claims. Rather, according to the defendants, the amended complaint contains parties and allegations no longer a part of this case. Defendants ask that the amended complaint be stricken, that Mr. Brown be ordered to file an amended complaint which complies with previous Court orders, and that the Court warn Mr. Brown that his failure to comply may result in the dismissal of his claims under Fed.R.Civ.P. 41(b).

In his response, Mr. Brown explains that, despite the previous decision severing the cases, he chose to file the same amended complaint in both cases and include claims arising in both districts because he would like the cases to be consolidated in either this Court or the Western Division. He explains that, prior to filing the amended complaint in both cases, he filed a motion in the Western Division requesting that they "except jurisdiction for the whole case because of the interrelated claims, the possible conflict in rulings on policy issues, excessive costs and time wasted, and many other reasons." A

review of the docket in Case No. 1:12-cv-583 confirms that Mr. Brown's motion was filed as Document 54.

In reply, defendants contend, first, that Mr. Brown's response should be disregarded as untimely and the Court should consider their motion to strike as unopposed. Further, they argue that Mr. Brown's response is nothing more than an attempt to re-litigate or supplement arguments he made in other motions. Defendants argue that Mr. Brown does not address the central issue of their motion to strike - that the amended complaint includes parties and allegations that are no longer part of this case.

First, the Court notes that Mr. Brown's motion requesting that this case be rejoined with the Western Division case has been denied in Case No. 1:12-cv-583. In denying Mr. Brown's motion the Court stated:

> As detailed above, upon initial screening of this matter, Plaintiff's complaint was bifurcated into two separate actions. Plaintiff now asks the Court to rejoin this case with Brown v. Mohr, et al., 2:13-cv-6 (S.D. Ohio). Plaintiff contends the matter should be rejoined due to his indigence and incarceration and problems serving the Complaint. Plaintiff's motion is meritless. Notably, Plaintiff has provided no legal basis for this matter to be consolidated and/or rejoined with the initial actions. The Court sees no reason to revisit its January 2013 Order regarding this issue. For these reasons, Plaintiff's motion to rejoin the initial claims (Doc. 54) is **DENIED.**

Mr. Brown has not filed a similar motion in this case, having limited the discussion of this issue to his response. Consequently, the issue of consolidation will not be addressed here and the Court will proceed to address only the issues relating to this case.

Turning to the motion to strike, as described above, Mr. Brown has named twenty-four SOCF employees as defendants in his

second amended complaint in addition to naming various employees of RCI and ODRC.  He has reiterated claims against these defendants as set forth in his original complaint.  By filing such an amended complaint in this case, Mr. Brown has failed to comply with the previous orders of both this Court and the Western Division.  For example, in granting Mr. Brown leave to file an amended complaint, this Court specifically directed that his amended complaint conform to the representations in his motion for leave.  Mr. Brown's motion for leave raised issues relating to conditions at Ross Correctional Institution only.  Mr. Brown's amended complaint naming defendants and raising issues relating to SOCF is inconsistent with the Court's instruction.  Further, the Court in Case No. 1:12-cv-583 specifically retained the claims relating to SOCF and transferred only the remaining claims involving conditions at RCI or those involving ODRC employees located in Columbus.  Consequently, the Court will grant the defendants' motion and will strike the amended complaint for Mr. Brown's failure to comply with this Court's orders.  Mr. Brown will be directed to file an amended complaint in this case which complies with the terms of the Court's previous orders.  See Docs. 12 and 49 in Case No. 1:12-cv-583 and Doc. 49 in Case No. 2:13-cv-06.  His failure to do so may result in a recommendation that this case be dismissed for Mr. Brown's failure to comply with the Court's orders.

    Consistent with this holding, Mr. Brown's motion for leave to supplement the amended complaint will be denied as moot.  Similarly, because the time for the extension requested by Mr. Brown has expired, his motion for an extension of time for service (Doc. 56) will be denied as moot.  However, Mr. Brown will be given 30 days after the filing of his third amended complaint to properly serve the defendants.  Mr. Brown's failure to effect proper service within that time period will result in

the dismissal of his complaint as to any defendants who have not been served or were served improperly.

### III. Various Motions to Stay

Defendants' motion to stay pending a ruling on objections to the Report and Recommendation issued April 29, 2014 will be denied as moot following the Court's order of October 24, 2014 adopting and modifying the Report and Recommendation.

Mr. Brown filed a motion to stay all proceedings contending, in part, that a stay was necessary pending a ruling by the Western Division on his request that the cases be re-consolidated in that Court. Subsequently, Mr. Brown filed a motion to lift the requested stay. As discussed above, the Western Division has now issued its order denying Mr. Brown's request and a stay was never entered in this case. Consequently, both of these motions will be denied as moot.

In his motion to lift the requested stay, Mr. Brown also moved for an extension of time to respond to all defendants' pending motions and to serve additional defendants. He also contends that he has been unable to re-serve certain defendants in this case because the Clerk's office has failed to provide him with requested service forms. To the extent that Mr. Brown seeks an extension of time to respond to defendants' motions, the request will be denied as moot. The defendants' only pending motions at the time Mr. Brown made this request were the motion to strike and the motion to stay. The motion to strike was eventually fully briefed and, as set forth above, the motion to stay will be denied as moot. Consequently, Mr. Brown's request for an extension is moot. With respect to Mr. Brown's request for service documents, the Court will direct that the Clerk provide Mr. Brown with summonses and United State Marshals forms for service of the third amended complaint.

### IV. Motion to Appoint Counsel

Mr. Brown asked that counsel be appointed for him by a motion filed September 23, 2014. Since this action has not yet progressed to the point that the Court is able to evaluate the merits of plaintiff's claim, the motion for appointment of counsel is denied. <u>Mars v. Hanberry</u>, 752 F.2d 254 (6th Cir. l985).

## V. Conclusion

For the reasons stated above, defendants' motion for an extension to time (Doc. 86) is granted. The new date to file a response in November 10, 2014.

The motion to strike (Doc. 52) is granted. Plaintiff's second amended complaint is stricken from this Court's docket. Plaintiff shall file a third amended complaint which complies with the Court's previous orders as set forth above within fourteen days of the date of this order. Plaintiff's failure to comply may result in a recommendation that this case be dismissed for plaintiff's failure to comply with the Court's orders. The Clerk is directed to provide plaintiff with summonses and United States Marshals forms for service of the third amended complaint. Plaintiff shall have thirty days from the filing of the third amended complaint to serve the defendants. Plaintiff's failure to effect proper service within that time period will result in the dismissal of his complaint as to any defendants not served or served improperly.

The motion for an extension of time (Doc. 56), the motions to stay (Docs. 61 and 62), the motion to lift the stay and motion for an extension of time (Doc. 65), and the motion to supplement the amended complaint (Doc. 69) are denied as moot. The motion to appoint counsel (Doc. 75) is denied.

## MOTIONS FOR RECONSIDERATION

Any party may, within fourteen days after this Order is

filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

                                     /s/ Terence P. Kemp
                                     United States Magistrate Judge