IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Steven S. Brown,                          :

                 Plaintiff,               :    Case No. 2:13-cv-0006

    v.                                    :    JUDGE PETER C. ECONOMUS
                                               Magistrate Judge Kemp
Director Mohr, et al.,                    :

                 Defendants.              :


<u>REPORT AND RECOMMENDATION</u>

     This matter is before the Court to consider several pending
motions.  These motions include plaintiff Steven S. Brown's
motion for an order to protect his legal papers (Doc. 64), as
supplemented by an addendum (Doc. 72) and a document entitled
"Further Proof of Retaliation in Support of Motion for
Preliminary Injunction and Motion for an order to Protect
Plaintiff's Legal Papers and Motion Excusing any Further
Requirement to Exhaust Administrative Remedies" (Doc. 73).  Also
before the Court are Mr. Brown's motion for an entry of default
(Doc. 78) and a motion to dismiss for insufficient service filed
on behalf of defendants Austin Stout, Greg Trout, Trevor Clark,
Director Mohr, Ryan Dolan, Nurse Smith and Ed Voorhies (Doc. 79).
Additionally, Mr. Brown has filed a motion for an order directing
defendants to debit his prison account for copies and postage to
enable him to access the courts (Doc. 82), a motion for sanctions
(Doc. 90), a motion to stay (Doc. 94), and motions to supplement
previous filings (Docs. 95 and 102).  For the following reasons,
it will be recommended that all of these motions be denied.

I.  <u>Background</u>

     Mr. Brown, a state prisoner, originally filed this action in
the Court's Western Division in August, 2012.  In his original

complaint, Mr. Brown alleged numerous civil rights violations
against 45 individuals employed by the Ohio Department of
Rehabilitation and Correction and the Ohio Attorney General's
Office.  A Magistrate Judge in the Western Division screened the
complaint, dismissed several defendants and claims, severed the
claims relating to Mr. Brown's incarceration at the Ross
Correctional Institution, and transferred the severed claims to
this Court.  The surviving claims arising out of events while Mr.
Brown was incarcerated at the Southern Ohio Correctional Facility
remains pending in the Western Division as Case No. 1:12-cv-583.

I. <u>The Motion for an Order to Protect Plaintiff's Legal Papers</u>

At the time Mr. Brown filed this motion, he was incarcerated
in the Ross Correctional Institution.  The gist of his motion
appears to relate to his previous request for a preliminary
injunction and requests that the Court overrule the Report and
Recommendation recommending the denial of his request.  In his
first addendum, he contends that he now has been transferred to
the SOCF and has been denied his legal papers.  He also asserts a
number of other conditions he is being forced to endure at SOCF.
His document captioned as further proof of retaliation also
appears to relate to events at SOCF.

To the extent that Mr. Brown intended this motion to
supplement his previous motion for a preliminary injunction, the
Court will recommend that the motion be denied as moot.  The
Report and Recommendation recommending denial of the motion for
preliminary injunction has been affirmed on the issue of
injunctive relief.  Further, to the extent that Mr. Brown's
motion and related filings pertain to claims arising at RCI, his
request for injunctive relief was mooted by his transfer to SOCF.
<u>See</u> <u>Holson v. Good</u>, 579 Fed Appx. 363, 366 (6th Cir. August 27,
2014), <u>citing</u> <u>Kensu v. Haigh</u>, 87 F.3d 172, 175 (6th Cir. 1996).
To the extent that Mr. Brown's supplemental filings relating to

-2-

this motion address issues arising during his incarceration at SOCF, these claims are not before this Court and are more appropriately considered by the Court in Case No. 1:12-cv-583. On November 6, 2014, a Supplemental Report and Recommendation was issued in Case No. 1:12-cv-583 recommending that Mr. Brown's motion be denied.  Consequently, it will be recommended that the Court decline to consider such claims in this case.

II.  <u>The Motion for Entry of Default</u>

In his motion for an entry of default, Mr. Brown requests that the Court "issue a default judgment against Defendants, Mohr, Dolan, Voorhies, Trout, Stout, Clark, Eddy, [and] Reese...."  The gist of Mr. Brown's motion is that these defendants were served with the complaint in Case No. 1:12-cv-583 and have not filed an answer in this case.  Contrary to his previously expressed positions, Mr. Brown apparently believes that, regardless of whether these defendants were ever served in this case, they "were given proper notice of the claims" in this case, and therefore, he is entitled to a default judgment granting his requested relief.

There are several problems with Mr. Brown's position, the well-documented service issues in this case aside.  First, as the Court noted in its Report and Recommendation issued April 29, 2014, defendants Eddy and Reese are not named as defendants in this transferred case.  Further, Mr. Brown confuses an entry of default and a default judgment.  They are two distinct procedural steps taken in sequence.  That is, an entry of default is required before a default judgment can be entered.  <u>See</u> <u>O'Neal v. Nationstar Mortgage</u>, 2008 WL 3007834, *6 (S.D. Ohio August 1, 2008), <u>citing</u> <u>United Coin Meter Co. v. Seaboard Coastline R.R.</u>, 705 F.2d 839, 844 (6th Cir. 1983).  However, Fed.R.Civ.P. 55(a) provides that a default cannot be entered against a party unless that party has failed to plead or otherwise defend.  The Advisory

-3-

Committee Notes to the 2007 Amendments to Rule 55 explain the phrase "to otherwise defend," and state as follows:

>     Former Rule 55(a) directed the clerk to enter a default when a party failed to plead or otherwise defend "as provided by these rules."  The implication from the reference to defending "as provided by these rules" seemed to be that the clerk should enter a default even if a party did something showing an intent to defend, but that act was not specifically described by the rules.  Courts in fact have rejected that implication.  Acts that show an intent to defend have frequently prevented a default even though not connected to any particular rule.

See also Ross v. Creative Image Technologies, LLC, 2013 WL 2404234, *1 (W.D. Ky. May 31, 2013)(The Advisory Committee Notes "confirm the view that Rule 55(a) does not require a responsive pleading or Rule 12(b) motion").  As contemplated by Rule 55(a), the other defendants - Mohr, Dolan, Voorhies, Trout, Stout and Clark - are actively defending this case by the filing of a Rule 12(b)(5) motion.  As a result, Mr. Brown has not demonstrated grounds for an entry of default or, by extension, a default judgment.  Consequently, the Court will recommend that Mr. Brown's motion be denied.

### III.   The Motion to Dismiss

Turning to the motion to dismiss under Rule 12(b)(5), defendants Mohr, Dolan, Voorhies, Trout, Stout, Smith, and Clark cite to the Report and Recommendation issued April 29, 2014, in which the Court directed Mr. Brown to submit "a service copy of the complaint, a completed summons and a USM-285 for defendants Stout, Trout, Clark, Mohr, Dolan, Eleby, Voorhies and Smith within fourteen days of the date of this order."  According to these defendants, Mr. Brown has not done so and, beyond this, they argue Mr. Brown has failed to perfect service on them since this case originally was severed in January, 2013 - a lapse of more than 600 days.

-4-

In his response, Mr. Brown argues, consistent with his position raised in many of his other filings, that he has been unable to perfect service for numerous reasons including actions by the Court and the defendants.  He contends that service in the other case has provided sufficient notice to constitute service in this case.

In reply, defendants argue that Mr. Brown cannot rely on service in the other case to satisfy his service obligations here.  Further, they contend that there is no evidence that he has attempted to serve defendants Mohr and Clark.  Additionally, defendants contend that Mr. Brown's interpretation of the time allowed for him to satisfy his service obligations is incorrect.  Finally, defendants assert that Mr. Brown's pro se status does not excuse his failure to timely serve the unserved defendants.

Under Fed.R.Civ.P. 12(b)(5), a complaint may be attacked for insufficient service of process.  "A Rule 12(b)(5) motion is the proper vehicle for challenging the failure to deliver a summons and complaint in accordance with Rule 4(m)."  Schmidt v. Jefferson County Bd. of Ed., 2014 WL 1877669 (W.D. Ky. May 9, 2014), citing 5B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE CIVIL §1353 (3d ed.).

Fed.R.Civ.P. 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court's obligation under Rule 4(m) was recently explained in Greene v. Venatter, 2014 WL 559154, *2 (S.D. Ohio February 11, 2014):

> The first clause of Federal Rules of Civil

Procedure 4(m) shows that a district court shall either
(1) dismiss a complaint without prejudice, or (2)
direct that service be made within a specified time, if
a plaintiff fails to serve a summons and complaint
within 120 days after filing the complaint. Osborne v.
First Union Nat. Bank of Delaware, 217 F.R.D. 405, 406
(S.D Ohio 2003).  The second clause of Rule 4(m) states
that a district court shall extend the time for service
if a plaintiff demonstrates good cause for failing to
comply with the 120-day time requirement.  Id.  A plain
reading of these two clauses shows that a district
court generally possesses the discretion to dismiss a
complaint to allow service to be perfected within a
specified time, regardless of the absence of good
cause, whenever a plaintiff fails to perfect service
within 120 days after filing a complaint.  Id.  The
second clause then removes a district court's
discretion if a plaintiff establishes good cause for
his failure to comply with the 120-day time limit.  Id.
Upon a showing of good cause, a district court shall
extend the time for service.  Further, the Supreme
Court supports this reading of Rule 4(m).  See
Henderson v. United States, 517 U.S.  654, 116 S.Ct.
1638, 134 L.Ed.2d 880 (1996).  The Supreme Court cited
the Advisory Committee Notes of Federal Rules of Civil
Procedure 4(m), stating that Rule 4(m) permits a
district court to enlarge the time for service "even if
there is no good cause shown."  Id. at 662.

See also Bradford v. Bracken County, 767 F.Supp.2d 740, 753 (E.D.
Ky. 2011)( "the Court must first determine whether there is good
cause for Plaintiff's failure to timely execute service.  If not,
the Court must determine in its discretion whether to dismiss the
action or allow Plaintiffs additional time").

The Court's docket indicates that the issue of service has been
dominated this case to date.  Several of the issues have been
addressed in prior Court orders and will not be repeated in
detail here.  Using the Report and Recommendation dated April 29,
2014 as the starting point, as the defendants have done in their
motion, the Court's docket reflects that service has not been
perfected as ordered.  However, the docket also reflects that Mr.
Brown has sought extensions of time to complete service.  Mr.

-6-

Brown also has filed numerous motions relating to his transfer from RCI to SOCF, the alleged confiscation of his legal materials, and the Clerk's failure to provide him with requested copies of service documents.  He also filed objections to the Report and Recommendation, including an objection relating to the time frame ordered for service.  Mr. Brown's objections to the Report and Recommendation were overruled by order dated October 24, 2014.  <u>See</u> Doc. 87.  By separate order, the Court granted defendants' motion to strike the amended complaint and directed Mr. Brown to file a third amended complaint which complies with the previous orders of this Court (Doc. 92).  Mr. Brown was given thirty days from the filing of the amended complaint to properly serve defendants.

Based on the language of Rule 4(m) and the Court's recent orders, the Court will recommend that defendants' motion to dismiss be denied.  Between Mr. Brown's requests for extensions of time, his representations that he has been unable to obtain enough copies of required service documents, and the Court's recent direction regarding the filing of a third amended complaint, the Court finds that good cause exists for an extension of the service deadline as to the moving defendants.  Further, the Court will recommend that Mr. Brown's motion to stay a decision on the motion to dismiss be denied as moot.

IV.  <u>Motion for Order to Debit Plaintiffs Account</u>
<u>for Copies and Postage</u>

Additionally, Mr. Brown has filed a motion for an order directing defendants to debit his prison account for copies and postage to enable him to access the courts (Doc. 82).  As with his motion for an order to protect his legal papers, the Court finds that this motion relates to Mr. Brown's confinement in SOCF.  Consequently, it will be recommended that the Court decline to consider the issues raised in this motion.

-7-

V.  <u>Motion for Sanctions for Refusing to Waive Service</u>

Mr. Brown has moved for sanctions under Rule 4 contending that certain defendants have not attempted to avoid unnecessary expense and have instead thwarted his attempts to move forward with this case.  He requests that defendants be ordered to pay all expenses for service upon defendants Mohr, Trout, Stout, Dolan, Eddy, Voorhies, Reese and Smith.

In response, defendants contend that Mr. Brown's motion must be denied because the language of Rule 4(d)(2) requires payment for expenses incurred in making service and Mr. Brown has not incurred any expenses because he has not completed service on the defendants he identifies.  Further, defendants assert that the motion must be denied because Mr. Brown did not properly request waiver of service in accordance with Rule 4(d)(1).  Mr. Brown did not file a reply.

The Court agrees with the defendants' interpretations of Rule 4(d) and defendants' position that Mr. Brown is seeking sanctions inconsistent with the Rule.  Consequently, it will recommend that the motion for sanctions be denied.

VI.  <u>Motions to Supplement</u>

Finally, Mr. Brown has filed two motions to supplement numerous other filings he has made, all of which are in varying procedural postures and some of which relate to his confinement at SOCF.  He does not connect with any specificity the supplemental information and the previous motion to which it allegedly relates.  The Court has reviewed the proposed supplemental information and concludes that it does not present anything new for the Court's consideration.  Consequently, the Court will recommend that the motions to supplement be denied.

VII.  <u>Recommendation</u>

For the reasons set forth above, the Court recommends that the motion for an order to protect plaintiff's legal papers (Doc.

-8-

64 as supplemented by Docs. 72 and 73) be denied as moot to the extent it is directed to the Report and Recommendation issued on April 29, 2014 or pertains to events at RCI.  Further, the Court recommends that the motions for an entry of default (Doc. 78), to dismiss (Doc. 79), for sanctions (Doc. 90), and to supplement (Docs. 95 and 102) be denied and that the motion to stay a decision on the motion to dismiss (Doc. 94) be denied as moot. Finally, the Court recommends that the Court decline to consider the issues raised in Mr. Brown's motion for an order directing defendants to debit his prison account for copies (Doc. 82) and that this motion be removed from this Court's pending motions list.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge