**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **STEVEN S. BROWN,** | |
| **Plaintiff,** | **Case No. 2: 13-cv-006** |
| **v.** | **Judge Peter C. Economus** |
| **DIRECTOR MOHR,** *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

This is a prisoner civil rights case. This matter is before the Court for consideration of Plaintiff Mr. Brown's Motion for Reconsideration. (ECF No. 97.) Mr. Brown asks this Court to reconsider its Order (ECF No. 87) denying Mr. Brown's request for preliminary injunction. For the reasons that follow, the Court **DENIES** Mr. Brown's Motion for Reconsideration. (ECF No. 97.)

**I.  Background**

Mr. Brown, a prison inmate, brings this *pro se* civil rights action against numerous Defendants. This case came before the Court by way of a transfer from the United States District Court for Southern District of Ohio, Western Division. In the Western Division, Magistrate Judge J. Gregory Wehrman issued a Report and Recommendation ("R & R") dismissing some of Mr. Brown's original claims, and transferring other claims to the United States District Court for Southern District of Ohio, Eastern Division. (ECF No. 12.)

Following the transfer, Mr. Brown filed a Second Amended Complaint in this Court. (ECF No. 51.) In the Second Amended Complaint, Mr. Brown alleges the following: an Eighth Amendment violation of his right to be free from cruel and unusual punishment under the deliberate indifference standard for denial of medical treatment; retaliation for having taken legal

action and this includes being placed in a cell with Nazi's and skinheads because he is Jewish; denial of adequate kosher food; and many other claims.

On March 5, 2014, Mr. Brown filed a Motion for Preliminary Injunction. (ECF No. 47.) In that Motion, Mr. Brown requested a preliminary injunction related to his claims against Defendants. Primarily, Mr. Brown argued that he was denied adequate kosher food and denied adequate medical care. (ECF No. 47 at 1.)

Magistrate Judge Terrence P. Kemp issued an R & R recommending that Mr. Brown's motion be denied. (ECF No. 53.) Mr. Brown filed an Objection to the R & R. (ECF No. 55.) This Court issued an Order adopting the portion of the R & R that denied Mr. Brown's Motion for Preliminary Injunction. (ECF No. 87.)

Mr. Brown then filed a Motion for Reconsideration (ECF No. 97) of this Court's Order (ECF No. 87).

## II.  Discussion

Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for a district court to hear such motions is found in both the common law and in Rule 54(b) of the Federal Rules of Civil Procedure. *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 Fed. Appx' 949, 959 (6th Cir.2004). Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or, (3) a need to correct a clear error or prevent manifest injustice. *Id.* at 959 (citing *Reich v. Hall Holding Co.,* 990 F. Supp. 955, 965 (N. D. Ohio 1998)). In this case, Mr. Brown does not seek reconsideration on either of the first two grounds. Mr. Brown relies only on the third prong, contending that this Court made a clear error in denying preliminary injunction.

The Court has reviewed Mr. Brown's Motion (ECF No. 97), and finds no basis for reconsidering its Order (ECF No. 87). In his motion, Mr. Brown raises the same arguments he previously made. Again, Mr. Brown argues that Defendants provided inadequate medical care in violation of the Eighth Amendment to the United States Constitution. Mr. Brown, however, does not argue and has not established that this Court committed clear error by denying his Motion for Preliminary Injunction.

Moreover, Mr. Brown's Eighth Amendment Claim for inadequate medical care is insufficient. To establish an Eighth Amendment violation premised on inadequate medical care, Mr. Brown must demonstrate that the Defendants acted with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To rise to the level of an Eighth Amendment violation, a prison official must "know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837-38. "Furthermore, a difference of opinion between a prisoner and a doctor over diagnosis or treatment also fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need." *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001) (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Mr. Brown does not meet this burden. Mr. Brown simply contends that he received no medical treatment. (ECF No. 97.) To prove his claim, Mr. Brown provides medical records from doctors he saw while incarcerated. These medical records, however, clearly establish that Mr. Brown has received at least some medical treatment. Therefore, the Court denies Mr. Brown's

Motion for Reconsideration (ECF No. 97) and his Motion for Preliminary Injunction (ECF No. 47).

III.     Conclusion

For the reasons discussed above, the Court hereby **DENIES** Mr. Brown's Motion for Reconsideration (ECF No. 97) and his Motion for Preliminary Injunction (ECF No. 47).

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE