**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **STEVEN S. BROWN,**<br>　　　　**Plaintiff,**<br>　v.<br>**DIRECTOR MOHR,** *et al.***,**<br>　　　　**Defendants.** | **Case No. 2: 13-cv-006**<br>**Judge Peter C. Economus**<br>**Magistrate Judge Terrence P. Kemp**<br>**MEMORANDUM OPINION AND ORDER** |

This is a prisoner civil rights case. This matter is before the Court for consideration of Plaintiff Mr. Brown's Motion for Reconsideration. (ECF No. 117.) Mr. Brown asks this Court to reconsider its Order (ECF No. 113) adopting United States Magistrate Judge Terrence P. Kemp's Report and Recommendation ("R & R") issued on February 23, 2015 (ECF No. 109). For the reasons that follow, the Court **DENIES** Mr. Brown's Motion for Reconsideration. (ECF No. 117.)

**I.　　Background**

Mr. Brown, a prison inmate, brings this *pro se* civil rights action against numerous Defendants. This case came before the Court by way of a transfer from the United States District Court for Southern District of Ohio, Western Division. In the Western Division, Magistrate Judge J. Gregory Wehrman issued a Report and Recommendation ("R & R") dismissing some of Mr. Brown's original claims, and transferring other claims to the United States District Court for Southern District of Ohio, Eastern Division. (ECF No. 12.)

Following the transfer, Mr. Brown filed a Second Amended Complaint in this Court. (ECF No. 51.) In the Second Amended Complaint, Mr. Brown alleges the following: an Eighth Amendment violation of his right to be free from cruel and unusual punishment under the deliberate indifference standard for denial of medical treatment; retaliation for having taken legal

action and this includes being placed in a cell with Nazi's and skinheads because he is Jewish; denial of adequate kosher food; and many other claims.

On February 23, 2015 Magistrate Judge Kemp issued an R & R, addressing a number of pending motions. (ECF No. 109.) Magistrate Judge Kemp recommended that Mr. Brown's motion for an order to protect his legal papers (ECF No. 64 as supplemented by ECF No. 72 and 73) be denied as moot. Further, Magistrate Judge Kemp recommended that Mr. Brown's motions for an entry of default (ECF No. 78), to dismiss (ECF No. 79), for sanctions (ECF No. 90), and to supplement (ECF No. 95 and 102) be denied, and that Mr. Brown's motion to stay a decision on the motion to dismiss (ECF No. 94) be denied as moot. Finally, Magistrate Judge Kemp recommended that the Court decline to consider the issues raised in Mr. Brown's motion for an order directing defendants to debit his prison account for copies (ECF No. 82) and that this motion be removed from this Court's pending motions list.

On March 11, 2015, this Court issued an Order adopting the Magistrates R & R because no party had objected to the R & R and the time period for filing objections had past. (ECF No. 113.) On March12, 2015 Mr. Brown filed a motion for extension of time to file objections to the R & R. (ECF No. 114.) The Court granted the motion to the extent Mr. Brown was given an opportunity to file a motion for reconsideration of the Court's Order adopting the R & R. (ECF No. 113.) On March 19, 2015, Mr. Brown filed a motion for reconsideration. (ECF No. 117.)

**II.     Discussion**

Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for a district court to hear such motions is found in both the common law and in Rule 54(b) of the Federal Rules of Civil Procedure. *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 Fed. Appx' 949, 959 (6th Cir.2004). Traditionally, courts will find justification for reconsidering interlocutory orders when there is

(1) an intervening change of controlling law; (2) new evidence available; or, (3) a need to correct a clear error or prevent manifest injustice. *Id.* at 959 (citing *Reich v. Hall Holding Co.,* 990 F. Supp. 955, 965 (N. D. Ohio 1998)). In this case, Mr. Brown does not seek reconsideration on either of the first two grounds. Mr. Brown relies only on the third prong, contending that this Court made a clear error in denying preliminary injunction.

"Manifest injustice" has been defined as "[a]n error in the trial court that is direct, obvious, and observable." *Tenn. Prot. & Advocacy, Inc. v. Wells,* 371 F.3d 342, 348 (6th Cir.2004) (alteration in original) (quoting *Black's Law Dictionary* 974 (7th ed.1999)). In other words, "a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *McDaniel v. Am. Gen. Fin. Servs., Inc.,* No. 04–2667 B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007) (quoting *In re Bunting Bearings Corp.,* 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004)).

The Court has reviewed Mr. Brown's Motion (ECF No. 117), and finds no basis for reconsidering its Order (ECF No. 113). In his motion, Mr. Brown argues that the Court should allow him the opportunity to make objections to the R & R. (ECF No. 117.) Mr. Brown's argument is not well taken. The Court finds no obvious and observable error in its decision to adopt Magistrate Jude Kemp's R & R after the time to file objections had past. *See United States v. Jarnigan*, No. 3:08-CR-7, 2008 WL 5248172, at *5 (E.D. Tenn. Dec. 17, 2008) ("The Court notes that even if Defendant Jarnigan's motion for reconsideration were granted and the Court performed a *de novo* review the portions of the R & R to which he has objected as would be required by 28 U.S.C. § 636(b)(1), the ultimate outcome would be no different.").

3

Mr. Brown also raises the same arguments he has previously made. Again, Mr. Brown argues that Defendants provided inadequate medical care in violation of the Eighth Amendment to the United States Constitution. Mr. Brown's Eighth Amendment Claim for inadequate medical care is insufficient. To establish an Eighth Amendment violation premised on inadequate medical care, Mr. Brown must demonstrate that the Defendants acted with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To rise to the level of an Eighth Amendment violation, a prison official must "know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837-38. "Furthermore, a difference of opinion between a prisoner and a doctor over diagnosis or treatment also fails to state an Eighth Amendment claim of deliberate indifference to a serious medical need." *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001) (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Mr. Brown does not meet this burden. Mr. Brown simply contends that he received no medical treatment. (ECF No. 117.) Mr. Brown, however, discusses a number of recent medical operations that he has received. Clearly, Mr. Brown has received at least some medical treatment. Therefore, the Court denies Mr. Brown's Motion for Reconsideration (ECF No. 117)

### III. Conclusion

For the reasons discussed above, the Court hereby **DENIES** Mr. Brown's Motion for Reconsideration. (ECF No. 117.)

**IT IS SO ORDERED.**

**UNITED STATES DISTRICT JUDGE**