**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **STEVEN S. BROWN,**<br>        **Plaintiff,**<br>  v.<br>**DIRECTOR MOHR,** *et al.***,**<br>        **Defendants.** | **Case No. 2:13-cv-006**<br>**Judge Peter C. Economus**<br>**Magistrate Judge Kemp** |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court for consideration of Magistrate Judge Terrence P. Kemp's Report & Recommendation ("R & R") (ECF No. 92) and Plaintiff Steven Brown's ("Mr. Brown") Objections thereto (ECF No. 96). For the reasons that follow, the Court **OVERRULES** Mr. Brown's Objection (ECF No. 96) and **ADOPTS** the R & R of the Magistrate Judge (ECF No. 92).

**I.**    **Background**

Mr. Brown, a prison inmate, brings this *pro se* civil rights action against numerous Defendants. This case came before the Court by way of a transfer from the United States District Court for Southern District of Ohio, Western Division. In the Western Division, Magistrate Judge J. Gregory Wehrman issued a R & R dismissing some of Mr. Brown's original claims, and transferring other claims to the United States District Court for Southern District of Ohio, Eastern Division. (ECF No. 12.) Claims related to Mr. Brown's incarceration at the Ross Correction Institute were transferred to this Court. The surviving claims arising out of events while Mr. Brown was incarcerated at the Southern Ohio Correctional Facility remain pending in the Western Division as Case No. 1:12-cv-583.

Following the transfer, this Court granted Mr. Brown leave to file a Second Amended Complaint. (ECF No. 51.) Defendants filed a motion to strike Mr. Brown's second amended complaint. (ECF No. 52.) Mr. Brown then filed a motion to appoint Counsel. (ECF No. 75.)

On November 6, 2014, Magistrate Judge Kemp issued an R & R that ruled on a number of pending motions. (ECF No. 92.) Specifically, Magistrate Judge Kemp granted Defendants' motion to strike the second amended complaint, and denied Mr. Brown's motion to appoint counsel. Mr. Brown filed an Objection to the R & R. (ECF No. 96.)

## II.  Standard of Review

A district court must review *de novo* those portions of a magistrate judge's report to which a specific objection has been made, and may accept, reject, or modify any of the magistrate judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "However, the district court need not provide *de novo* review where the objections are . . . general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks and citations omitted). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller,* 50 F.3d at 380).

## III.  Analysis

Mr. Brown objects to the Magistrate Judge's recommendation to strike the second amended complaint, and to deny his motion to appoint counsel. On April 11, 2014, with leave of

Court, Mr. Brown filed a second amended complaint in this case. In granting Mr. Brown leave to file an amended complaint, this Court specifically directed that his amended complaint conform to the representations in his motion for leave. Mr. Brown's motion for leave raised issues relating to conditions at Ross Correctional Institution only. The second amended complaint is 42 pages long, names 59 defendants, many of whom are employees at the Southern Ohio Correctional Facility, and contains claims relating to the conditions of his confinement at the Southern Ohio Correctional Facility. Mr. Brown's amended complaint naming defendants and raising issues relating to the Southern Ohio Correctional Facility is inconsistent with the Court's instruction.

In his objection, Mr. Brown points to no specific finding of the Magistrate Judge that this Court must consider. Mr. Brown simply restates the arguments that he made previously to Magistrate Judge Kemp. Primarily, Mr. Brown continues to argue that this case should be consolidated with his case in the Western Division. Therefore, the Court finds that Mr. Brown's objections regarding the stricken complaint are too general. Objections that are too general do not warrant *de novo* review.

The Court now turns Magistrate Judge Kemp's recommendation to deny Mr. Brown's motion to appoint counsel. Magistrate Judge Kemp noted the following:

> Mr. Brown asked that counsel be appointed for him by a motion filed September 23, 2014. Since this action has not yet progressed to the point that the Court is able to evaluate the merits of plaintiff's claim, the motion for appointment of counsel is denied. Mars v. Hanberry, 752 F.2d 254 (6th Cir. l985).

(ECF No. 92 at 6.). This Court agrees with Magistrate Judge Kemp. Because this Court grants Defendants motion to strike the second amended complaint, Mr. Brown must file a third amended complaint. The Court cannot evaluate the merits of the claim until Mr. Brown files a third amended complaint. Therefore, the Court overrules Mr. Brown's objection.

**IV.     Conclusion**

For the reasons discussed above, the Court hereby **OVERULES** Mr. Brown's Objection (ECF No. 96) and **ADOPTS** the R & R of the Magistrate Judge (ECF No. 92). The Court hereby **ORDERS** Mr. Brown to timely file a third amended complaint in accordance with Magistrate Judge Kemp's R & R.


**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE