```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Steven S. Brown,                :

        Plaintiff,       :   Case No. 2:13-cv-0006

  v.                            :   JUDGE PETER C. ECONOMUS
                                 Magistrate Judge Kemp
Director Mohr, et al.,          :

        Defendants.      :

## ORDER

    This matter is before the Court to consider two pending motions filed by plaintiff Steven S. Brown.  The first motion seeks an order holding Gary Mohr in contempt for failure to comply with a subpoena.  The second motion seeks the consolidation of this case with Case No. 1:12-cv-583 currently pending in the Western Division of this Court.  Defendants have responded to the motions and both motions are now ripe for decision.  For the following reasons, both motions will be denied.

    Turning first to the motion for contempt, this motion arises from a subpoena duces tecum directed to Mr. Mohr, who is a named defendant but has never been served properly with the summons and complaint in this case.  Briefly, the subpoena requested Mr. Brown's "medical and mental health records" from January 2014 through January 2015 and records from the State Medical Board previously provided to him through a public records request but later confiscated by SOCF officials.  Mr. Mohr contends that the motion for contempt should be denied because in responding to the subpoena with objections, he has complied with Fed.R.Civ.P. 45, the subpoena was procedurally flawed because it did not provide adequate time to comply, and the requested documents are not

relevant to the issues in this case.

The Court agrees with defendants that there is no basis for finding Mr. Mohr in contempt for failure to comply with the subpoena.  Fed.R.Civ.P. 45(g) provides that a court "may hold in contempt a person who fails without adequate excuse to obey the subpoena."  A timely objection to a subpoena is considered an "'adequate excuse,' precluding a finding of contempt for failure to obey the subpoena."  Bariteau v. Krane, 206 F.R.D. 129, 131-132 (W.D. Ky. 2001), citing Flatow v. The Islamic Republic of Iran, 196 F.R.D. 203, 208 (D.D.C. 2000); Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983).  Consequently, the motion to hold Mr. Mohr in contempt will be denied.

Further, to the extent that Mr. Brown's motion could be construed as a motion to compel, the motion will be denied.  Defendants note that the subpoena provided only one business day for Mr. Mohr's compliance.  They argue that courts have consistently found that this is not a reasonable amount of time.  Rule 45(d)(3) provides that a subpoena must be quashed if it "fails to allow a reasonable time to comply."  One business day to comply is generally not considered a reasonable time period.  See, e.g., Jenkins v. Michigan Dept. of Corrections, 2015 WL 1198043, *3 (E.D. Mich. March 16, 2015) (as little as one day not enough time to reasonably comply); Saffady v. Chase Home Finance, Inc., 2011 WL 717564, *3 (E.D. Mich. Feb. 22, 2011) (four business days not enough time for reasonable compliance).

Additionally, defendants contend that Mr. Brown's subpoena places an undue burden on Mr. Mohr because the records demanded are not relevant to the claims in this case.  Specifically, the defendants assert that the records fall outside the time period identified in Mr. Brown's complaints.  They also contend that, to the extent Mr. Brown argues that he needs these records in

connection with his request for injunctive relief, his request for such relief has been denied.

Mr. Brown has not addressed the issue of relevance. There is no question that "'[t]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. <u>Guinn v. Mount Carmel Health Systems</u>, 2010 WL 2927254, *5 (S.D. Ohio July 23, 2010). For all of these reasons, Mr. Brown's motion, to the extent it seeks to compel Mr. Mohr to respond to the subpoena, will be denied.

Turning to Mr. Brown's motion to consolidate, following the initial screening order, Mr. Brown's claims against SOCF employees have remained in the Court's Western Division as Case No. 1:12-cv-583 and his claims against RCI employees are to be litigated in this case. Mr. Brown has both refused to honor this bifurcation and more than once requested the "rejoining" or consolidation of the cases. The reasons cited by Mr. Brown focus on his indigence and incarceration. Consistently, the Court has found that Mr. Brown has no legal basis on which to order consolidation. Similarly, none has been presented by Mr. Brown's current motion. Consequently, the motion to consolidate will be denied.

For the reasons stated above, the motion for contempt (Doc. 106) and the motion to consolidate (Doc. 107) are denied.

## MOTION FOR RECONSIDERATION

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days

thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

>                    /s/ Terence P. Kemp
>                    United States Magistrate Judge