IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Steven S. Brown,                    :

            Plaintiff,              :   Case No. 2:13-cv-0006

    v.                             :   JUDGE GREGORY L. FROST
                                        Magistrate Judge Kemp
Director Mohr, et al.,              :

            Defendants.             :

<u>REPORT AND RECOMMENDATION AND ORDER</u>

    This matter is before the Court to consider several pending
motions.  These motions include plaintiff Steven S. Brown's
motion for an extension of time to submit a third complaint (Doc.
124), motion for status and to correct the record (Doc. 126),
motion to "unstrike" the amended complaint (Doc. 127), and motion
"for an order to serve the third amended complaint" (Doc. 128).
Also pending is a motion to dismiss the third amended complaint
filed by defendants Gary Croft, Mr. Heiss, Warden Jeffries, Dr.
Krisner, Mr. Seacrest, DW Upchurch, Ward, and Insp. Whitten (Doc.
135).  All of these motions are ripe for decision.  The Court
will recommend that the motion to dismiss be denied and will
dispose of the remaining motions as follows.

I.  <u>Background</u>

    Mr. Brown, a state prisoner currently incarcerated at the
Ohio State Penitentiary in Youngstown, originally filed this
action in the Court's Western Division in August, 2012.  In his
original complaint, Mr. Brown alleged numerous civil rights
violations against 45 individuals employed by the Ohio Department
of Rehabilitation and Correction and the Ohio Attorney General's
Office.  A Magistrate Judge in the Western Division screened the
complaint, dismissed several defendants and claims, severed the

claims relating to Mr. Brown's incarceration at the Ross
Correctional Institution, and transferred the severed claims to
this Court.  The surviving claims arising out of events while Mr.
Brown was incarcerated at the Southern Ohio Correctional Facility
remain pending in the Western Division as Case No. 1:12-cv-583.

The claims severed and transferred to this Court included
the following:

> (a) Plaintiff's claims against the following defendants
> based on the conditions of confinement and the
> propriety of a variety of incidents that allegedly
> occurred at RCI when plaintiff was incarcerated there,
> including the decision to transfer plaintiff from RCI
> back to the "higher security" prison at SOCF allegedly
> "in retaliation for making complaints" at RCI:  ODRC
> Director Gary Mohr; Warden Jefferies; Deputy Warden
> Upchurch; Ryan Dolan; Edwin Voorhies; Mr. Eleby; ODRC
> attorneys Trout, Stout, and Clark; Dr. Krishner, Nurse
> Smith; Inspector Robert Whitten; Ms. Ward; Mr.
> Seacrest; Lt. Yates; Gary Croft; and Mr. Heiss.  The
> claims are based on allegations contained in ¶¶12-25,
> 27-28, and 32-33 of the complaint.

> (b) Plaintiff's claims against defendant Mohr
> alleged in ¶83 of the complaint.

See Order and Report and Recommendation (Doc. 12).

These allegations contained in the complaint, originally
submitted August 1, 2012 (Doc. 10) but filed in this Court on
November 21, 2012, read, verbatim, as follows:

> 12)  The C/O upon arriving at Ross gave the
> plaintiff all his non-carry medication which included
> narcotics.  His nazi celly ended up stealing them along
> with much of the plaintiff's other property.

> 13) When the prison authorities found out that
> they had given the plaintiff the narcotics they had his
> cell searched but could not find them so they put him
> in the hole.

> 14) They transfered him a few hours later to a
> hospital cell and in the morning he saw a doctor named
> Dr. Krishner.  This Doctor stopped all plaintiff's

-2-

medication including pain medication, insulin, seizure
medication, vitamine D and other medications.
Plaintiff was told that by the doctor that he was under
instruction by Central Office to cut costs and to stop
prescribing pain medication.  This doctor also stopped
a previous order for a consult with a neurologist and
for a c-pap machine for sleep apnia.

15) As a result of this denial of the plaintiffs
right to medical care and medication he had seizures,
suffered extreme pain, and complacations from sleep
apnia including high blood pressure and mental health
problems.  He also suffered high blood sugars and his 3
month A1c was over 9.

16) When the plaintiff was released from the
hospital unit and he went to get his property he found
that much of his property was missing and his legal
papers were destroyed.  The property officer refused to
acknowledge that the property was missing and tried to
force the plaintiff to sign the John Doe C/O refused to
let him have the rest of his property.

17) The plaintiff went in serch of a supervisor
and found Warden Jefferies.  He tried to explain about
the property, his nazi celly and the denial of medical
care.  The warden refused to allow the plaintiff to
explain and started yelling at him about him being out
of place.  In frustration the plaintiff said "what kind
of place are you running here."  For that he was taken
to the hole.

18) In the hole he was put on the top floor and
top bunk.  Due to the doctor stopping high doses of
sizure medication the plaintiff had a seizure and fell
from the top bunk hurting his back, neck and arm.

19) The plaintiff had a privious order to be
housed on the bottom bunk and on the bottom range but
Dr. Krishner did not renew it.  The plaintiff told the
nurses including nurse Smith but they refused to put
him in a safe place.

20) The plaintiff was moved to another cell closer
to the medical department.  This cell had a shower in
it and no ventilation.  Thus the whole cell was covered
in black mold.  This mold made the plaintiff sick.  The
cell was also full of flys and fly larve (black worms),

-3-

growing in stgnant water.  The plaintiff was not given enough food and his diabetic snack was canceled so he could not take his insulin.

21) The plaintiff complained about these conditions to the warden, deputy warden, health care administrator and inspector but he received no relief.

22) The plaintiff continued to suffer in pain, seizures, and from sleep apnia, He then got a 105 temperature and was returned to the hospital unit and placed in a cell with no heat by Nurse Smith.  He was not given his blood pressure and heart medication.  He threatened to sue the nurse and she said, you cant sue if your dead a lot of good the money will do you in prison.  The plaintiff replied how about if I use it to hire a private detective to see what could be dug up on you.

23) Plaintiff was moved out of the cell with no heat by a nurse on the next shift and also given his medication.  Nurse Smith had tried to kill the plaintiff by denying medical care and medication and by putting the plaintiff in a cell with no heat when it was 12° outside.

24) Plaintiff made a complaint against Nurse Smith and the next day she retaliated by writing a bogus tickit saying the plaintiff threatened her.

25) Also in retaliation the RIB chairman found the plaintiff guilty without allowing witnesses and recommended that the plaintiff be sent to Lucasville-higher security.  This was done several months later under the orders of Warden Jefferies, attorney general Dolan, Edwin Voorhies, Greg Trout, Austin Stout, Trevor Clark and others.
...

27) Deputy Warden Upchurch refused to approve the plaintiffs Kosher diet.  She also refused to provide mental health care after the conditions made the plaintiff go crazy and his mother died.

28) While being held in isolation the plaintiff's mom became very ill and had to go to the hospital for ovarian cancer.  They gave her a few weeks to live. The plaintiff asked to be permitted to call her but

-4-

Warden Jefferies, Robert Whitten, and others refused to allow him to call and say goodby. Plaintiff's mother kept calling out for him and to talk to him.

...

32) After the plaintiffs mother died he went crazy. He was kept in isolation, he was denied medical care, mental health care, after passing out he was assaulted by John Doe C/O's because he could not walk, he could not sleep for days due to severe pain, sleep apnia, and grief, remorse and anger at the prison authorities for torturing him and not allowing him to go to the funeral. The totally of his circumstances constituted cruel and unusual punishment, denial of court access, retaliation, withholding legal mail, destruction of his property, deliberately putting him in a cell with a nazi, denying kosher food, denying health care, denying mental health care, destruction of his legal papers, giving him bogus tickits and danying him due process in his disciplinary hearings. Those responsible for these acts at Ross Correctional include, Mary Anne Reese, Ryan Dolan, Greg Trout, Edwin Voorhies, Austin Stout, Director Mohr, Warden Jefferies, Ms. Ward from Mental Health, Mr Seacrest from mental health, Deputy Warden Upchurch, Dr. Krisher, Inspector Whitten, C/O Riggs who assaulted me, Lisa Bethel - health care adminstrator, John Doe Dep. Warden of Operations for failing to properly supervise his employees which harmed the plaintiff and put him in unconstitutional conditions, Lt. Yates for denying due process in RIB and for retaliation, Gary Croft for retaliation and denial of medical care and denial of court access, Mr Heiss for illegally withholding legal mail, illegally destroying legal documents, for retaliation for making complaints of abuse, disciplinary issues and conditions and for condoning the plaintiffs torture in the hole and antisemitism by Ross staff.

33) The plaintiff was transferred back to Lucasville and put in unconstitutional conditions by Ron Eleby and Warden Jeffries. This move was in retaliation for making complaints and partially caused by the plaintiff's behavior when they tortured him at Ross into insanity.

...

83) Plaintiff was transferred to Toledo where for 3 months there was no Doctor working here at all. This

was the directors fault, Mr. Mohr who is responsible
for providing a doctor.  The plaintiff did not get
medications or care for serious illnesses including
diabetes, rectal bleeding, herniated discs, shoulder
pain and torn rotator disc, neuropathy, high blood
pressure, enema, contractures, pereferal vascular
diseases and heart problems.

On August 26, 2013, Mr. Brown sought leave to file an
amended and supplemented complaint (Doc. 26).  This motion
specifically stated:

> In the instant case, the plaintiff wants to amend
> the suit to reflect his errors in the suit concerning
> the capacities of those he sued, to include dates and
> times once he receives his grievance files and medical
> records, add John Does' names and clarify the original
> complaint.
>
> ... Additionally, the plaintiff's rights under the
> Constitution continue to be violated by the same
> defendants' after he was transferred back to Ross
> Correctional in March of 2013 from Southern Ohio
> Correctional.  He request[s] leave to include a
> supplemental complaint over the denial of his rights
> to:
>
> 1) Medical care and constitutional medical policy
> and procedure
>
> 2) Denial of the right to access the courts and
> policy and procedures that deny copies, postage - and
> indigent status
>
> 3) Retaliation for exercise of constitutional
> rights
>
> 4) Totallity (sic) of conditions at Ross
> Correctional
>
> 5) Stolen and lost property deliberatly (sic) done
> by the State Corrections Personel (sic).

On August 30, 2013, certain defendants moved for a more
definite statement (Doc. 27).  Mr. Brown's motion to amend was
granted and the motion for a more definite statement was denied

-6-

as moot by order dated March 28, 2014 (Doc. 49).  The order
stated:

> ...  With respect to the motion for leave to amend, the
> Court notes that Mr. Brown has not provided a proposed
> amended complaint for the Court's review.  He has,
> however, described his intended amendments and his
> motion is unopposed.  Consequently, the motion for
> leave to amend (Doc. 26) is granted.  Mr. Brown shall
> file an amended complaint consistent with the
> representations in his motion within 28 days of the
> date of this order.

On April 11, 2014, Mr. Brown filed his amended complaint
which he captioned as a second amended complaint.  The defendants
moved to strike this pleading on April 25, 2014 (Doc. 52).  The
basis for this motion was Mr. Brown's failure to amend his
complaint in accordance with previous Court orders.

By order dated November 6, 2014 (Doc. 92), the Court granted
defendants' motion to strike that pleading.  In striking the
second amended complaint, the Court stated:

> ...in granting Mr. Brown leave to file an amended
> complaint, this Court specifically directed that his
> amended complaint conform to the representations in his
> motion for leave.  Mr. Brown's motion for leave raised
> issues relating to conditions at Ross Correctional
> Institution only.  Mr. Brown's amended complaint naming
> defendants and raising issues relating to SOCF is
> inconsistent with the Court's instruction.  Further,
> the Court in Case No. 1:12-cv-583 specifically retained
> the claims relating to SOCF and transferred only the
> remaining claims involving conditions at RCI or those
> involving ODRC employees located in Columbus.
> Consequently, the Court will grant the defendants'
> motion and will strike the amended complaint for Mr.
> Brown's failure to comply with this Court's orders.
> Mr. Brown will be directed to file an amended complaint
> in this case which complies with the terms of the
> Court's previous orders.  See Docs. 12 and 49 in Case
> No. 1:12-cv-583 and Doc. 49 in Case No. 2:13-cv-06.
> His failure to do so may result in a recommendation
> that this case be dismissed for Mr. Brown's failure to
> comply with the Court's orders.

The Court directed Mr. Brown to file another amended complaint within fourteen days of the date of the order.

Mr. Brown timely filed objections to the order and a motion for reconsideration.  He also sought an extension of time for filing the third amended complaint.  The Court granted the motion for extension of time and directed Mr. Brown to file his third amended complaint within thirty days of the Court's ruling on the objections and motion for reconsideration.  On May 13, 2015, the Court adopted the Report and Recommendation and directed Mr. Brown to file his third amended complaint.  On May 22, 2015, Mr. Brown sought an additional extension of time for filing the third amended complaint.  On July 10, 2015, Mr. Brown filed two motions, a motion to "unstrike" the amended complaint (Doc. 127) and a "motion for an order to serve the third amended complaint" (Doc. 128).  He attached to the latter motion a copy of the third amended complaint.  Defendants responded to the motion for an order to serve the third amended complaint and Mr. Brown filed a reply.

On September 11, 2015, Mr. Brown filed his third amended complaint (Doc. 132) as a stand alone document.  On October 9, 2015, defendants moved to dismiss.  Mr. Brown responded on October 26, 2015.  The defendants did not file a reply.

## II.  The Third Amended Complaint

Mr. Brown has captioned his complaint as a third amended and supplemented complaint.  He requests that all of the permitted facts from the original and amended complaints be incorporated by reference and states that he is supplementing his complaint with new facts related to the allegations of the original complaint.  This pleading, like Mr. Brown's other complaints, is quite lengthy.  In fact, by Mr. Brown's page numbering, it is 48 pages in length with two additional pages identifying the intended defendants.  By the Court's calculation, this document is 39

pages in total length.

Beginning on page 4, the third amended complaint sets forth a preliminary statement.  A "statement of claims" containing approximately 62 paragraphs of detailed factual allegations is found at pages 7 to 44, as the document has been numbered by Mr. Brown.  The first paragraph under the statement of claims states that he was transferred to RCI on January 18, 2011 and transferred out on April 6, 2011.  It also states that he returned to RCI on March 15, 2013.

Mr. Brown sets forth "claims for relief" beginning on page 44 in seven numbered paragraphs.  These claims include denial of his right of access to the courts, deliberate indifference to his medical needs, conspiracy to deny his constitutional rights, violations of his right to practice his religion, and retaliation for the exercise of his constitutional rights.  He also asserts claims for declaratory relief relating to the "medication policy, the indigent policy, the clothing policy, and the medical policy."  Each "claim" states the name of the defendants to whom it is directed.

Named defendants are set forth on the final two pages of Mr. Brown's filing.  Mr. Brown, contrary to the representations in his motion for leave to amend, does not indicate whether these defendants are being sued in their individual or official capacities or both.  There is some indication in Mr. Brown's first "claim for relief" relating to the denial of access to the courts, that certain defendants are being sued in their individual and official capacities.

The defendants as identified on the final two pages include the following employees of the Ross Correctional Institution: Lt. Turner, Dr. Krisher, Robert Whitten, Nurse Smith, Charlie Heiss, D.W. Upchurch, Lt. Cockrell, Capt. Posey, Mr. Pence, Warden Hooks, Nurse Hawk, Nurse Kardaras, Lisa Bethel, Mr. Ford,

Mr. Long, Ms. Goldburg, Mr. Byrd, Sgt. Anderson, and Warden OPPI. Most of these individuals were not named in the original complaint.  Only Dr. Krisher, Robert Whitten, Nurse Smith, Charlie Heiss, and D.W. Upchurch were named as defendants in the original complaint as transferred to this Court.

Further, the third amended complaint also seeks to name as defendants the following employees of ODRC:  Director Mohr and Director Moore, Mr. Clark and Trevor Clark, Austin Stout, Greg Trout, Ryan Dolan, and Mr. Voorhies.  Only Director Mohr, Trevor Clark, Austin Stout, Greg Trout, Ryan Dolan and Mr. Voorhies were named as defendants in the original complaint as transferred to this Court.

Additionally, the third amended complaint seeks to add as defendants Ohio Attorney General Mike DeWine and several employees of his office including Mary Anne Reese, Peter Jamison and Judith Goldstein.  None of these defendants were included in the original complaint as transferred to this Court.  Additional defendants named in the third amended complaint, but not in the original complaint, are Ross County Prosecutor Mathew Schmidt, Ross County Common Pleas Judge Nusbaum, and Aramark Corporation.

III.  <u>Defendants' Motion to Dismiss</u>

Defendants have moved to dismiss this complaint because of what they characterize as Mr. Brown's "blatant non-compliance" with the Court's orders.  They assert that Mr. Brown's conduct demonstrates bad faith.  Defendants cite to <u>Ebbing v. Butler Cnty., Ohio</u>, 2010 WL 4118105 (S.D. Ohio May 21, 2010), <u>adopted and affirmed</u> 2010 WL 4117458 (S.D. Ohio Oct. 19, 2010), as an example of this Court's dismissal of a pro se plaintiff's claims with prejudice for similarly willful conduct.  Specifically, the defendants contend that Mr. Brown has failed to comply with Court orders by "including new defendants, allegations that he was forced to settle <u>Brown v. Voorhies</u>, including defendants that

-10-

have not been served, new allegations not stating a time or place, allegations occurring at SOCF, allegations arising from events in 2011, rambling allegations without directing allegations at any specific defendant, time or place."

Further, they note that the Court in the Western Division has recommended the dismissal of Case No. 1:12-cv-583 for Mr. Brown's failure to comply with the Court's directives to organize and clarify his claims.  They also point out that Mr. Brown has been put on notice that his failure to comply with this Court's orders might result in the dismissal of this case.

Additionally, defendants argue that they have been prejudiced by Mr. Brown's conduct because they have been forced to respond to multiple frivolous motions during the nearly three years this case has been pending.

### IV.  <u>Analysis</u>

The only issue raised by defendants' motion to dismiss is whether Mr. Brown's complaint so fails to comply with previous orders of this Court that it warrants dismissal.  The defendants' motion does not address the merits of any of Mr. Brown's claims. For the following reasons, the Court cannot agree that dismissal on defendants' asserted ground is appropriate.

In reaching this conclusion, the Court is aware that Mr. Brown's current amended complaint is not a model of clarity. However, that is not the issue presented by defendants' motion. The issue is whether, based on the representations in his motion for leave to amend, Mr. Brown has filed an amended complaint consistent with the Court's orders.

Defendants assert that Mr. Brown has not complied for several reasons.  Specifically, defendants argue that Mr. Brown has included new defendants, added allegations that he was forced to settle <u>Brown v. Voorhies</u>, included defendants that have not been served, added allegations without stating a time or place,

-11-

added allegations of events at SOCF, and added allegations
without reference to a specific defendant, time, or place.

Defendants are correct that Mr. Brown has included
allegations beyond those described in his motion for leave to
amend. For example, he indicates in his motion that he intends
to identify defendants named as John Doe defendants in his
original complaint. In his original complaint, Mr. Brown named
as defendants three John Doe employees of RCI. His current
amended complaint names fourteen additional employees of RCI as
defendants.

Further, Mr. Brown does not indicate in his motion for leave
that he intends to name additional defendants. Rather, he
explains that he seeks to add allegations relating to certain
claims against the same defendants. His amended complaint,
however, names additional defendants beyond employees of RCI. In
addition, Mr. Brown's motion for leave to amend was filed on
August 26, 2013, but his current amended complaint includes
allegations relating to events in 2015. Mr. Brown also requests
leave to clarify the capacities in which the defendants are being
sued, but the clarification in his amended complaint is somewhat
imprecise.

At the same time, however, the Court reads Mr. Brown's
current amended complaint as an attempt to comply with its
previous orders. For example, the Court disagrees with
defendants' view that Mr. Brown has included claims directed to
events at SOCF. The current amended complaint does not name any
SOCF employees as defendants. Further, while the amended
complaint may contain brief mention of SOCF, the Court construes
this mention as made only in the context of factual background.

Further, although defendants contend that Mr. Brown has
failed to provide information as to dates and times, the Court
reads Mr. Brown's complaint as attempting to establish a time

frame for his various allegations.  For example, in paragraph 1
of his statement of claims, Mr. Brown states that he was
transferred to RCI on January 18, 2011 and out on April 6, 2011.
Further, he states that he was returned to RCI on March 15, 2013.

Moreover, the Court finds that the defendants' concerns
easily can be addressed by the Court's review and construction of
the amended complaint for purposes of going forward.  Several
principles will guide the Court in its review.

First, Mr. Brown was not granted leave to amend his
complaint to assert claims on a continuing, or rolling, basis.
Rather, he was granted leave to file an amended complaint
consistent with the representations in his motion as of August
26, 2013.  Further, his amended complaint remains subject to Fed.
R. Civ. P. 8(a).  That Rule provides:

> (a) Claim for Relief.  A pleading that states a
> claim for relief must contain:
>
> (1) a short and plain statement of the grounds for
> the court's jurisdiction, unless the court already has
> jurisdiction and the claim needs no new jurisdictional
> support;
>
> (2) a short and plain statement of the claim
> showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may
> include relief in the alternative or different types of
> relief.

Additionally, the Court notes that, although Mr. Brown
captioned his previous motion as a motion to amend and
supplement, the language of his motion does not identify any
defendants he intends to add.  Rather, it states that his "rights
under the Constitution continue to be violated by the same
defendants."   The mere inclusion of the conclusory statement
that "[a] supplemental complain (sic) can add new parties," is
not sufficient for the Court to consider the addition of 22 new

-13-

defendants in the amended complaint as consistent with the representations in Mr. Brown's motion.

Further, under Rule 12(f), the Court may "strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter."  This Rule grants "liberal discretion" to the Court.  Stanbury Law Firm, P.A. v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000).

Applying these standards and keeping in mind Mr. Brown's intentions as expressed in his motion for leave to amend, the Court has reviewed the allegations of the current amended complaint and will construe it as follows.

First, with respect to the dates and times of the events at RCI, the Court construes those as limited to events occurring between Mr. Brown's transfer to RCI on January 18, 2011 and his transfer out on April 6, 2011 and between his return to RCI on March 15, 2013, and the date his motion for leave to amend was filed - August 26, 2013.  Consequently, the time frame at issue in the amended complaint is limited to approximately three months in 2011 and approximately five months in 2013.

Further, as noted above, Mr. Brown was not granted leave to name additional defendants in his amended complaint.  To the extent that he was granted leave to identify previously named John Doe defendants, he has not done so properly.  Consequently, the Court does not construe the amended complaint as properly naming any defendants beyond RCI defendants Dr. Krisher, Robert Whitten, Nurse Smith, Charlie Heiss, Mr. Seacrest, Warden Jefferies, and D.W. Upchurch.  The Court notes that, although the amended complaint does not list either Warden Jefferies or Mr. Seacrest as defendants on the pages designating the parties, allegations in the complaint remain directed to them.  Further, the Court finds that the only properly named ODRC defendants are Gary Mohr, Trevor Clark, Greg Trout, Austin Stout, Ryan Dolan and

Ed Voorhies.

Additionally, the Court notes that Mr. Brown has not included Gary Croft or Ms. Ward in his list of defendants in the amended complaint nor included any allegations directed to them within the body of the amended complaint. Accordingly, the Court will construe this omission as Mr. Brown's intention to dismiss them as defendants.

The Court also notes a brief reference in the claims for relief to Lt. Yates. Mr. Brown previously sought to dismiss Mr. Yates as a defendant (Doc. 34). This motion was denied as moot based on Mr. Brown's filing of an amended complaint that did not name Lt. Yates as a defendant. Although that amended complaint was subsequently stricken based on Mr. Brown's failure to comply with the Court's order, the Court does not construe Mr. Brown's single mention of Lt. Yates in a laundry list of names included in Paragraph 7 of the claims for relief as sufficient to allow the Court to construe Lt. Yates as a named defendant.

This brings the Court to Dr. Eddy. Mr. Brown does not include Dr. Eddy in his list of named defendants although multiple allegations in the complaint are directed to him. Dr. Eddy, however, was not named as a defendant in any of the claims transferred to this Court. Further, Mr. Brown did not seek leave to name Dr. Eddy as a defendant. Consequently, the Court will not construe the complaint as naming Dr. Eddy as a defendant.

To the extent that Mr. Brown seeks to incorporate by reference "permitted" facts set forth in his original and amended complaint, the Court declines to do so with respect to the amended complaint, captioned as a second amended complaint by Mr. Brown. This complaint was stricken and is no longer part of the record before this Court. Although Mr. Brown has moved to "unstrike" the second amended complaint, he does not set forth good cause for doing so and his motion (Doc. 127) will be denied.

-15-

Accordingly, there are no "permitted" facts contained in the amended complaint that could be incorporated into Mr. Brown's current amended complaint. To the extent that Mr. Brown seeks to incorporate allegations from his original complaint, those allegations have been set forth above.

Further, to the extent that Mr. Brown has included allegations or claims beyond what he represented in his motion for leave, the Court will recommend that portions of the amended complaint be stricken as follows.

The Court will recommend that the supplemental pleadings section contained on pages 1 and 2 and the preliminary statement set forth at pages 4 through 7 be stricken. The Court construes this discussion as a procedural history of this case which is both well beyond the boundaries of Rule 8 and easily characterized as redundant under Rule 12(f).

The Court construes Mr. Brown's statement of claims as setting forth the factual allegations on which he bases his claims for relief. Paragraphs 1 through 25 of the amended complaint appear to relate to conditions at RCI. Paragraphs 26 through 30 relate to claims previously dismissed by this Court (Doc. 12) and clearly fall outside the parameters set forth in the Court's prior order allowing Mr. Brown leave to amend. Consequently, the Court will strike Paragraphs 26 through 30. Paragraph 31 appears to relate to events at RCI. Paragraph 32 appears to be directed to the conduct of an individual who is not a named defendant in this case and the Court will strike it. Paragraph 33 appears to relate to events at RCI. Paragraph 34 contains information establishing a time frame. Paragraphs 35 and 36 have no relationship to events or conditions Mr. Brown endured while at RCI and the Court will strike these paragraphs. Paragraphs 37 and 38 again appear to relate to Mr. Brown's confinement in RCI. Paragraph 39 is directed to individuals who

-16-

are not defendants in this case and the Court will strike it.  In doing so, the Court notes that Mr. Smith, the ADA coordinator, is not the same individual as Nurse Smith.  Paragraph 40 appears to relate to Mr. Brown's confinement at RCI.  Paragraph 41 appears to relate to conditions at RCI and is directed to one named defendant, Director Mohr.  The Court will strike Paragraphs 42 and 43 because they are directed to individuals who are not defendants in this case.  Paragraph 44 appears to relate to Mr. Brown's confinement at RCI.  Paragraph 45 will be construed as directed only to the conduct of Mr. Heiss in ignoring Mr. Brown's complaints.  Additionally, paragraphs 46 through 50 will be stricken because they contain allegations of events outside of the time frame established for this case.

The paragraphs beginning on page 27 as Mr. Brown has numbered the pages of his amended complaint are out of sequence and start over at 31.  The Court will strike Paragraph 31 as it appears directed to employees of the Ohio Attorney's General Office who are not named as defendants in this case.  Paragraph 32 appears to be a recap of previously alleged unconstitutional conditions at RCI and suggests class action allegations.  Consequently, the Court will strike that paragraph.  Paragraph 33 appears to be both redundant and directed in large part to individuals who are not defendants in this case.  Consequently, the Court will strike Paragraph 33.  Paragraphs 34 and 35 appear to relate to various ODRC policies.  Paragraphs 36 through 41 appear to relate to Mr. Brown's medical care at RCI and his disagreement with various institutional policies.

In the section captioned as claims for relief, the Court will strike paragraph 4 because it appears to arise from allegations outside the established time frame.

Finally, the Court notes that Mr. Brown had been granted leave to amend in order to clarify the capacity in which he was

-17-

suing the defendants. Mr. Brown's amended complaint falls short on this issue, although he does expressly indicate that his access to the courts claim is directed to the particular defendants in both their individual and official capacities. Despite Mr. Brown's failure to be more precise, the Court construes the complaint as proceeding against all defendants in both their official and individual capacities. See Rose v. Reed, 2014 WL 3547375, *4 (S.D. Ohio July 17, 2014) (request for compensatory and punitive damages and nature of claims suggested plaintiff's intention to sue defendant in individual capacity); see also Lindsay v. Bogle, 92 Fed.Appx. 165, 169 (6th Cir. 2004) ("To the extent doubt persists that this combination of factors warrants construing the complaint as one against the defendants individually, this doubt should be resolved in [plaintiff's] favor as a pro se plaintiff").

In summary, the Court will not recommend dismissal of Mr. Brown's amended complaint on defendants' asserted ground that he intentionally failed to comply with previous orders of this Court. The Court will, however, construe the amended complaint as proceeding only against the following defendants in both their official and individual capacities: Dr. Krisher, Robert Whitten, Nurse Smith, Charlie Heiss, D. W. Upchurch, Mr. Seacrest, Warden Jefferies, Director Mohr, Trevor Clark, Austin Stout, Greg Trout, Ryan Dolan and Mr. Voorhies.

Further, the Court will strike the following portions and paragraphs of the amended complaint: the supplemental pleadings section contained on pages 1 and 2 and the preliminary statement set forth at pages 4 through 7; beginning with the Statement of Claims, Paragraphs 26 through 30; Paragraph 32; Paragraphs 35 and 36; Paragraph 39; Paragraphs 42 and 43; Paragraphs 46 through 50; beginning on page 27 as Mr. Brown has numbered the amended complaint, Paragraphs 31 through 33; and under the section

-18-

captioned as Claims for Relief, Paragraph 4.

V.   <u>Remaining Motions</u>

Mr. Brown's motion for an extension of time to submit a third amended complaint (Doc. 124) will be denied as moot. Additionally, because the clerical error designating this case as closed has been corrected, Mr. Brown's motion for status and to correct the record (Doc. 126) will be denied as moot.

This brings the Court to Mr. Brown's motion for an order to serve the amended complaint.  Defendants have opposed this motion raising the same issues addressed above.  As is well documented in this case, Mr. Brown has yet to complete service on Nurse Smith, Ryan Dolan, Ed Voorhies, Director Mohr, Austin Stout, Greg Trout, and Trevor Clark.  Because the extent of this issue has been addressed in previous orders, the Court will not reiterate the full background here.  Briefly, however, the Court, in denying a Rule 12(b)(5) motion filed by these defendants, noted Mr. Brown's alleged difficulties in perfecting service and the issue of the filing of the third amended complaint (Doc. 109). Prior to that order, the Court had directed Mr. Brown to properly complete service on these defendants within 30 days of the filing of his third amended complaint (Doc. 92).  Now that the amended complaint has been filed, the Court will direct its service. Consequently, Mr. Brown's motion (Doc. 128) will be granted.

Mr. Brown has submitted a summons and marshal form and a service copy of the current amended complaint only for Gary Mohr. The Clerk shall prepare and finalize the summonses for the remaining defendants and shall provide these documents, along with those directed to Gary Mohr, to the United States Marshal. The United States Marshal shall serve by certified mail a copy of the amended complaint, summons, and a copy of this order, upon these defendants at each of the addresses shown.

VI.  <u>Recommendation and Order</u>

-19-

For the reasons stated above, it is recommended that the motion to dismiss (Doc. 135) be denied.

Further, the following portions and paragraphs of the amended complaint are stricken:  the supplemental pleadings section contained on pages 1 and 2 and the preliminary statement set forth at pages 4 through 7; beginning with the Statement of Claims, Paragraphs 26 through 30; Paragraph 32; Paragraphs 35 and 36; Paragraph 39; Paragraphs 42 and 43; Paragraphs 46 through 50; beginning on page 27 as Mr. Brown has numbered the amended complaint, Paragraphs 31 through 33; and under the section captioned as Claims for Relief, Paragraph 4.

The Court construes the amended complaint as proceeding against only the following defendants in both their individual and official capacities:  Dr. Krisher, Robert Whitten, Nurse Smith, Charlie Heiss, D. W. Upchurch, Mr. Seacrest, Warden Jefferies, Director Mohr, Trevor Clark, Austin Stout, Greg Trout, Ryan Dolan and Mr. Voorhies.  Additionally, the Court construes the complaint as relating to events occurring between Mr. Brown's transfer to RCI on January 18, 2011 and his transfer out on April 6, 2011 and between his return to RCI on March 15, 2013, and the date his motion for leave to amend was filed - August 26, 2013.

Further, the motion for extension of time (Doc. 124) and motion for status (Doc. 126) are denied as moot.  The motion to "unstrike" the amended complaint (Doc. 127) is denied and the motion to serve the third amended complaint (Doc. 128) is granted.

The Clerk shall prepare and finalize the summonses for the defendants Nurse Smith, Ryan Dolan, Ed Voorhies, Austin Stout, Greg Trout, and Trevor Clark and shall provide all of these documents, along with the documents prepared by Mr. Brown for Gary Mohr, to the United States Marshal.  The United States Marshal shall serve by certified mail a copy of the amended

complaint, summons, and a copy of this order, upon these defendants at each of the addresses shown.

PROCEDURE ON OBJECTIONS TO THE REPORT AND RECOMMENDATION

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

MOTION FOR RECONSIDERATION OF ORDER

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the

motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge