UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN S. BROWN,

        Plaintiff,

    v.

DIRECTOR MOHR, et al.,

        Defendants.

Case No. 2:13-cv-00006
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## ORDER

This matter is before the Court for consideration of the Magistrate Judge's December 17, 2015 Report and Recommendation and Order (ECF No. 139), Plaintiff's objections (ECF No. 146), Defendants' objections (ECF No. 148), and Plaintiff's response to Defendants' objections (ECF No. 152). Plaintiff, Steven S. Brown, is an Ohio inmate who is currently incarcerated at the Ohio State Penitentiary in Youngstown, Ohio. The Magistrate Judge conducted an initial screen and recommended that the Court should dismiss Plaintiff's claims under 28 U.S.C. §§ 1915(e)(2)(B) and 1914A. (ECF No. 9, at Page ID # 45.) Both sides have filed objections to the recommendations. Briefing on the objections has closed, and the Report and Recommendation and Order and objections are ripe for disposition.

When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff's objections target the Magistrate Judge's recommendation that this Court essentially reform the third amended complaint by striking various paragraphs and construing the named defendants as suggested in the Report and Recommendation and Order. Plaintiff also targets the Magistrate Judge's denial of his motion to "unstrike" the second amended complaint.

None of Plaintiff's objections are persuasive. As discussed more fully below, the Magistrate Judge has, to a degree, "sanctioned" Plaintiff by reworking his third amended complaint into a compliant pleading that does not run afoul of this Court's orders. This sanction does not penalize Plaintiff, however, but aids him in that it sufficiently mitigates pleading that this Court will accept as good faith missteps in complying with prior orders. Plaintiff's explanations and justifications as to why he plead as he did are largely based on his misreading of the relevant law and orders governing his case. In the Report and Recommendation and Order, the Magistrate Judge explained in significant detail where and how Plaintiff went astray in his latest pleading. This Court need not repeat that analysis here, but simply adopts and incorporates it by reference. The Court consequently overrules all of Plaintiff's objections.

Defendants also object, specifically targeting the recommended denial of their motion to dismiss. They first argue that the Magistrate Judge erred in reaching legal conclusions that are contrary to law and that he failed to evaluate four factors relevant to dismissal under Federal Rule of Civil Procedure 41(b). This Court disagrees with both contentions. Although Defendants may disagree with the Magistrate Judge's conclusions, Defendants should credit that the Magistrate Judge was aware of and applied analysis covering the Rule 41(b) factors.

Rule 41(b) provides a mechanism for Defendants to move for dismissal "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court." Some considerations attach to this rule; the Sixth Circuit has explained that "[w]hen

contemplating dismissal under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-55 (6th Cir. 1988)).

First, the Magistrate Judge considered whether Plaintiff's conduct was due to willfulness, bad faith, or fault and expressly rejected the negative conclusion that Defendants present as a given. The Magistrate Judge concluded that the "current amended complaint [was] an attempt to comply" with the Magistrate Judge's previous orders. (ECF No. 139, at page ID # 1210.) In reaching this conclusion, the Magistrate Judge credited Plaintiff with good faith intentions but less than fully effective implementation of those intentions.

Second, the Magistrate Judge also implicitly considered whether Defendants were prejudiced by Plaintiff's conduct. This is evident in the Magistrate Judge's explaining that "the defendants' concerns easily can be addressed by the Court's review and construction of the amended complaint for purposes of going forward." (*Id.* at Page ID # 1211.) To cure potential prejudice, the Magistrate Judge recommended that the Court strike numerous paragraphs of the relevant complaint and appropriately limit the defendants named. Some potential prejudice caused by Plaintiff's pleading was consequently remedied; the remaining prejudice related to the inconvenient nature of Plaintiff's multiple filings simply does not rise to the level of conduct warranting the harsh sanction of dismissal.

Third, the Magistrate Judge was fully aware that Plaintiff had been warned that a failure to cooperate with his pleading obligations and this Court's Orders could lead to dismissal. The Magistrate Judge even reproduced in the Report and Recommendation and Order the exact prior language that warned Plaintiff that a failure to file a compliant amended complaint may result in a recommendation of dismissal. (*Id.* at Page ID # 1205.)

Fourth, the Magistrate Judge also implicitly recognized that sanctions less drastic then dismissal were previously imposed and, in deciding whether to recommend dismissal now, the Magistrate Judge again elected to recommend less drastic sanctions. These sanctions involved striking parts of the operative pleading and construing it appropriately as opposed to recommending dismissal. This Court agrees that under the specific circumstances presented here, striking multiple complaint paragraphs and narrowing the claims and defendants remains preferable to outright dismissal of *all* the claims.

All of these considerations lead to the conclusion that although Defendants may disagree with the rationale of the Magistrate Judge and may not like his conclusions, they are nonetheless incorrect in asserting that the Magistrate Judge framed the issue too narrowly and applied erroneous law. Defendants cite Plaintiff's repeated filings as evidence of willfully disobedient conduct evincing bad faith, but in doing so they overlook another possibility that is an equally if not more probable inference from the record: Plaintiff is a *pro se* inmate who is largely uneducated in the law and often inept in his self-representation, but he is nonetheless trying to assert legal arguments and claims that he *thinks* are valid.

Defendants also fault the Magistrate Judge for failing to distinguish two district court opinions that ordered dismissal. But these cases are persuasive authority that are neither binding on this Court nor identical to this case except in the broadest senses.

This Court overrules Defendants' first objection that the legal conclusions in the Report and Recommendation and Order are contrary to law.  This leads to Defendants' second objection in which Defendants assert that the Magistrate Judge's Report and Recommendation and Order is clearly erroneous because he mistakenly found that the third amended complaint was an attempt to comply with prior court orders.  In partial support of this contention, Defendants assert that Plaintiff's objections "conclusively prove that he did not, in fact, attempt to comply with the Court's Orders" and "that he purposely flouted the Court's Orders" by pleading as he did.  (ECF No. 148, at Page ID # 1262.)  These contentions are simply a recast attack on the finding and conclusion that Plaintiff was trying to comply but often failed in his attempt.

In his briefing, Plaintiff admits that he "was just plain wrong" in several of his assumptions about the law and orders governing this litigation and asserts that he "is an ignorant inmate!!"  (ECF No. 152, at Page ID # 1295.)  Self-serving hyperbole aside, Plaintiff's point is clear: he has made mistakes, but not ones warranting dismissal of potentially meritorious claims.

There is of course some support in the record for the proposition that Plaintiff has engaged in bad faith litigation choices.  There is also support in the record that Plaintiff is attempting to proceed properly while lacking an ideal set of requisite skills and abilities.  The former possibility permits but does not mandate dismissal, and the latter possibility weighs against dismissal.  The bottom line is that the Magistrate Judge's basis for his recommendations is valid and his recommended, pragmatic approach is the most reasonable course of action at this juncture.  The Court therefore also overrules Defendants' second objection.

For the foregoing reasons, the Court **OVERRULES** the parties' objections (ECF Nos. 146, 148) and **ADOPTS** and **AFFIRMS** the Report and Recommendation and Order (ECF No. 139).  This Court therefore **DENIES** Defendants' motion to dismiss (ECF No. 135) and limits

the construed third amended complaint in accordance with the Report and Recommendation and Order's summary set forth at ECF No. 139, at Page ID # 1218.

**IT IS SO ORDERED**.

                                            /s/ Gregory L. Frost
                                            GREGORY L. FROST
                                            UNITED STATES DISTRICT JUDGE