IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN S. BROWN,

        Plaintiff,

vs.                                        Case No.: 2:13-cv-006
                                            JUDGE SMITH
                                            Magistrate Judge Kemp

DIRECTOR MOHR, *et al.*,

        Defendants.

## ORDER

On September 9, 2016, the United States Magistrate Judge issued a *Report and Recommendation and Order* recommending that Defendants Dr. Krisher, Inspector Whitten, Mr. Heiss, Mr. Seacrest, Warden Jeffries, Deputy Warden Upchurch, and Ryan Dolan's Motion for Judgment on the Pleadings (Doc. 161) be granted in part and denied in part and that Defendant Director Mohr's Motion to Dismiss (Doc. 173) be granted in part and denied in part.  Defendants also filed a motion to stay discovery and a motion for an extension of time to file a reply in support of their motion for judgment on the pleadings which the Magistrate Judge denied as moot.  Plaintiff has also filed several motions, including a motion to "reserve" defendants, a motion for an order to serve Nurse Smith, a motion to amend the complaint, a motion seeking an order to "reserve" defendants Stout and Trout, and a motion to appoint counsel.  The Magistrate Judge granted Plaintiff's motion to amend the complaint, motion to serve Nurse Smith and motion to re-serve Defendants Trout and Stout; and denied his motion to appoint counsel and motion to "reserve" defendants.  (*See* Doc. 177, *Report and Recommendation and Order*).

The parties were advised of their right to object to the *Report and Recommendation and Order*.  This matter is now before the Court on Defendants' Objections to the Magistrate Judge's *Report and Recommendation and Order*, (*see* Docs. 180 and 182), as well as Plaintiff's Objections to the *Report and Recommendation and Order* (*see* Doc. 191).  Objections to a magistrate judge's factual findings are reviewed under the "clearly erroneous" standard, while objections to a magistrate judge's legal conclusions are considered under the more lenient "contrary to law" standard.  *Itskin v. Gibson*, No. 2:10-CV-689, 2012 U.S. Dist. LEXIS 32169, at *3 (S.D. Ohio Mar. 9, 2012) (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).  Factual findings may be overturned under the "clearly erroneous" standard only when the district court is left with a definite and firm conviction that a mistake has been made.  *Id.*  (citing *In re Search Warrants Issued August 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995)).  The district court's review of legal conclusions under the "contrary to law" standard is plenary, and the court "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent."  *Id.*  (quoting *Gandee*, 785 F. Supp. at 686).

In Defendants' first objection, they object to the failure of the Magistrate Judge to dismiss Plaintiff's claims against Defendant Dolan.  The Magistrate Judge acknowledges that Plaintiff brought a claim for the denial of his right to access to the courts against Director Mohr, Mr. Stout, Mr. Clark, Mr. Dolan, Warden Jeffries, Mr. Heiss, and Inspector Whitten.  Defendants argue that the Magistrate Judge mistakenly forgot to dismiss the claims against Defendant Dolan.  The Court has reviewed the Magistrate Judge's analysis in the Report and Recommendation, and agrees with Defendants that this seems to have been an oversight by the Magistrate Judge.  Therefore, Plaintiff's claim for denial of his right of access to the courts against Defendant Dolan is also dismissed.  Defendants' objection, Doc. 180, is hereby **SUSTAINED**.

Defendants also filed a second objection (Doc. 182), and makes the same objection as set forth above except in this objection with respect to Defendant Deputy Warden Upchurch. The Court agrees that like the other Defendants, Defendant Upchurch should have been dismissed for the same reasons and therefore dismisses Plaintiff's claim for denial of his right of access to the courts against Defendant Upchurch. Accordingly, Plaintiff's objection, Doc. 182, is **SUSTAINED**.

Turning to Plaintiff's Objections, they present the same issues presented to and considered by the Magistrate Judge in the *Report and Recommendation*. Specifically, he objects to his claim, regarding being housed with a neo Nazi, being characterized as a failure to protect claim. Instead he asserts it is a deliberate indifference, cruel and unusual punishment claim under the Eighth Amendment. (Doc. 191, Pl.'s Obj. at 4). Plaintiff asserts that he must only show that the conditions were unsafe and "pose a serious unreasonable risk to an inmate's well being, even if the damage has not yet occurred, may violate the 8th Amendment." (*Id.* citing *Helling v. McKinney*, 509 U.S. 25 (1993); *Hill v. Marshall*, 962 F.2d 1209 (6th Cir. 1992).

Despite Plaintiff's allegations to the contrary, the Magistrate Judge carefully considered his arguments in the *Report and Recommendation*, including assessing whether Defendants acted with deliberate in difference to a serious risk of physical harm. (*See* Doc. 177, R&R at 25). The Court agrees with the findings of the Magistrate Judge that Plaintiff has not alleged sufficient facts indicating a deliberate indifference to serious physical harm.

Next, Plaintiff argues that the Magistrate Judge's decision is clearly erroneous in finding that none of his claims regarding the Eighth Amendment medical indifference rise to a constitutional violation. (Doc. 191, Pl.'s Obj. at 9). However, Plaintiff has failed to offer any

3

new arguments for consideration. All of his arguments were previously considered by the Magistrate Judge. The Court again agrees with the findings of the Magistrate Judge with respect to these claims.

Additionally, Plaintiff challenges the Magistrate Judge's findings with respect to Director Mohr's Motion to Dismiss. Plaintiff argues that there is new Ohio law concerning immunity for state officials who violate civil rights, citing Ohio Revised Code § 2307.60. However, as the *Report and Recommendation* discusses in detail, Plaintiff has not sufficiently alleged that Director Mohr was directly involved in constitutional violations, only that he complained to Director Mohr of the alleged violations. Plaintiff's claims against Director Mohr are therefore barred under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Plaintiff also raises a number of other objections, including those regarding the conditions during his confinement, appointment of counsel, and access to the Court. All of these arguments were fully discussed in the original motions and carefully considered by the Magistrate Judge in the *Report and Recommendation*. The *Report and Recommendation* was neither clearly erroneous nor contrary to law. Therefore, for the reasons stated in the *Report and Recommendation*, this Court finds that Plaintiff's objections are without merit.

The *Report and Recommendation,* Document 177, is **ADOPTED** and **AFFIRMED.** Defendants Dr. Krisher, Inspector Whitten, Mr. Heiss, Mr. Seacrest, Warden Jeffries, Deputy Warden Upchurch, and Ryan Dolan's Motion for Judgment on the Pleadings (Doc. 161) is **GRANTED IN PART AND DENIED IN PART** and Defendant Director Mohr's Motion to Dismiss (Doc. 173) is **GRANTED IN PART AND DENIED IN PART**.

Defendants' motion to stay discovery and motion for an extension of time to file a reply

in support of their motion for judgment on the pleadings are **DENIED AS MOOT**.  Plaintiff's motion to amend the complaint and motion to serve Nurse Smith and motion to re-serve Defendants Trout and Stout are **GRANTED**.  Plaintiff's motion to appoint counsel and motion to "reserve" defendants are **DENIED**.

      The Clerk shall remove Documents 161, 173, 177, 180, 182 and 191 from the Court's pending motions list.

      **IT IS SO ORDERED**.

                                                  */s/ George C. Smith*
                                                  **GEORGE C. SMITH, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**