IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Steven S. Brown,                    :

        Plaintiff,              :     Case No. 2:13-cv-0006

  v.                                :     JUDGE GEORGE C. SMITH
                                Magistrate Judge Kemp
Director Mohr, et al.,              :

        Defendants.              :

ORDER

This matter is before the Court on plaintiff Steven S. Brown's motion to compel. Defendants have filed a response and the motion has been fully briefed. For the following reasons, the motion to compel will be denied.

I. Legal Standard

The general principles involving the proper scope of discovery are well known. The Federal Rules of Civil Procedure authorize extremely broad discovery. United States v. Leggett & Platt, Inc., 542 F.2d 655, 657 (6th Cir. 1976), cert. denied 430 U.S. 945 (1977); see also Lewis v. ACB Business Servs., Inc., 135 F.3d 389, 402 (6th Cir. 1998)("The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad"). Therefore, Fed.R.Civ.P. 26 is to be construed liberally in favor of allowing discovery. Dunn v. Midwestern Indemnity, 88 F.R.D. 191, 195 (S.D. Ohio 1980). However, recent amendments to Fed. R. Civ. P. 26(b)(1) highlight certain proportionality factors which the parties are to consider in making discovery requests, responses, or raising objections. See Advisory Committee Notes to December 1, 2015 amendments ("[t]his change reinforces the Rule 26(g) obligation of the parties"). Thus, under current Fed.R.Civ.P. 26(b)(1), the

parties may obtain discovery regarding any non-privileged matter which is relevant to any claim or defense and proportional to the needs of the case.

The proportionality analysis requires consideration of a number of factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. Consideration must also be given to whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1)'s inclusion of the proportionality factors enforces the collective obligation to consider proportionality in discovery disputes; it does not, however, permit a party to refuse discovery simply by making a boilerplate objection that the information requested is not proportional. See Advisory Committee Notes to December 1, 2015 amendments. Further, the party seeking discovery does not bear the burden of addressing all of the proportionality factors. Id.

Also, despite other changes to Rule 26, it is still the case that information need not be admissible in evidence in order to be discoverable. Fed. R. Civ. P. 26(b)(1); see also Mellon v. Cooper-Jarrett, Inc., 424 F.2d 499, 500-501 (6th Cir. 1970) (noting that "[t]he scope of examination permitted under Rule 26(b) is broader than that permitted at trial").

The Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party from harassment or oppression which may result even from a facially appropriate discovery request. See Herbert v. Lando, 441 U.S. 153 (1979); see also Lavado v. Keohane, 992 F.2d 601 (6th Cir. 1993)("[I]t is well established that the scope of discovery is within the sound discretion of the trial court")(quoting Chrysler Corp. v. Fedders

Corp., 643 F.2d 1229, 1240 (6th Cir.), cert. denied 454 U.S. 893 (1981)). Further, the Court has discretion to limit or even preclude discovery which meets the general standard of relevance found in Rule 26(b)(1) if the discovery is unreasonably cumulative or duplicative, can be obtained from some other source which is more convenient, less burdensome, or less expensive, or if the party seeking the information has had ample opportunity to obtain it in the action. See Fed. R. Civ. P. 26(b)(2). It is with these general principles in mind that the present discovery motion will be resolved.

II.

Mr. Brown's motion to compel with, according to his count, 42 accompanying exhibits, totals 223 pages. The bulk of these exhibits, by Mr. Brown's own admission, have nothing to do with the issues raised in the motion to compel. The exhibits relevant to the motion to compel appear to be the exhibits numbered by Mr. Brown as 14 and 39-42. These exhibits include Plaintiff's First Request for Production of Documents (Ex. 14); Dr. Eddy's Responses to Plaintiff's Request for Admissions (Ex. 39); Defendants' Objections and Responses to Plaintiff's First Set of Requests for Production of Documents (Ex. 40); Director Gary Mohr's Objections and Responses to Plaintiff's First Set of Requests for Admission (Ex. 41); and Defendant Jeffreys' Objections and Responses to Plaintiff's First Set of Requests for Admission (Ex. 42). In a nutshell, the gist of Mr. Brown's motion to compel is that defendants have either refused to respond to, or "openly lied" in response to, his discovery requests.

Defendants have responded, explaining Mr. Brown's motion to compel as follows:

> Plaintiff's Motion to Compel Discovery seeks to challenge the truthfulness of Defendants Mohr's, Jeffries', and Eddy's responses to Plaintiff's

-3-

discovery requests and to compel production of
Plaintiff's medical records, Defendants' personnel
records, Plaintiff's grievance file, the ODRC's
policies, visitation logs from the Ross Correctional
Institution ("RCI") and the Southern Ohio Correctional
Facility ("SOCF"), Plaintiff's disciplinary file,
Plaintiff's movement records, records relating to Brown
v. Voorhies, Plaintiff's mental health records,
Correctional Institution Inspection Committee ("CIIC")
reports, ODRC statistics, and responses to Plaintiff's
discovery requests to Defendants Morgan, Hunt and Cool.

Defendants contend that Mr. Brown failed to include a certification that he conferred with them in good faith prior to filing his motion. Further, they contend that a motion to compel is not the appropriate way to challenge the factual accuracy of their discovery responses. Additionally, they explain that, with respect to Mr. Brown's request for his medical records, he has refused to pay for copying as required by ODRC's policies regarding access to medical records. They also assert that the motion to compel must be denied as to defendants Hunt, Morgan and Cool for various reasons. These individuals, however, are defendants in Mr. Brown's case pending in the Western Division as Case No. 1:12-cv-583 and not this case.

In his reply, Mr. Brown challenges the defendants' position that a motion to compel is not the correct way to address factual inaccuracies in discovery responses. Further, he states under penalty of perjury that he conferred in good faith with the defendants before filing his motion to compel. Finally, he asserts that he has never refused to pay for his medical records but requests that he be allowed to receive them for free, keep them in his cell, and receive $50.00 to cover his expenses.

### III. <u>Analysis</u>

The Court will first address the motion to compel as it relates to the requests for admissions directed to Dr. Eddy, Director Mohr, and Mr. Jeffreys (Mr. Brown's Exhibits 39, 41, and

-4-

42). Admissions sought under Rule 36 are time-saving devices, designed to narrow the particular issues for trial. Seay v. Cargill, Inc., 2009 WL 10664829 (W.D. Tenn. May 6, 2009), citing Fed.R.Civ.P. 36 advisory committee notes on 1970 amendments. In responding to requests for admissions, Rule 36 requires:

> (4) Answer. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter, and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

If objections are made, "[t]he grounds for objecting to a request must be stated." Fed.R.Civ.P. 36(a)(5). Upon motion of the requesting party, the court must determine the sufficiency of the answer or whether the objection is justified. Fed.R.Civ.P. 36(a)(6). If the answering party's objection is unjustified, the court shall order that an answer be served. Id. If the court finds that the answer does not comply with Rule 36, the court "may order either that the matter is admitted or that an amended answer be served." Id.

Despite raising objections, Dr. Eddy, Mr. Jeffreys, and Director Mohr admitted or denied each of the requests for admissions. Mr. Brown does not address the substance of any of the objections in his motion to compel. Rather, he simply challenges the truthfulness of certain denials. A motion to compel is not the proper way to argue about the factual accuracy of a party's response. Grant v. Target Corp., 2013 WL 571845, *9 (S.D. Ohio Feb. 13, 2013). Consequently, the motion to compel will be denied as it relates to the requests for admissions

directed to Dr. Eddy, Mr. Jeffreys, and Director Mohr.

Turning to the Request for Production of Documents (Mr. Brown's Exhibit 40), it appears from the motion to compel that Mr. Brown is seeking responses to Request Nos. 2-10 and 12. A closer look indicates that the requests cited in his motion do not correspond to the numbered requests in his document request. Regardless, defendants have objected to all of Mr. Brown's requests for production on numerous grounds including relevance, overbreadth, and undue burden. Mr. Brown does not address the substance of any of these objections in his motion.

Initially, the proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. <u>Guinn v. Mount Carmel Health Systems</u>, 2001 WL 2927254 (S.D. Ohio July 23, 2010). In order to determine the relevance of any particular request it is necessary to specify Mr. Brown's remaining claims against these defendants. These claims include Eighth Amendment claims relating to Mr. Brown's medical care against Mr. Jeffries, Director Mohr and Dr. Eddy and a retaliation claim against Mr. Jeffreys.

Despite Mr. Brown's failure to coordinate the citations in his motion to the correct discovery request, a fair reading of his motion suggests that he has made an attempt to address the relevance of certain requests. However, most of his relevance explanations are directed to requests relating to his access to the courts claim. That claim has been dismissed. <u>See</u> Order, Doc. 197. Further, Mr. Brown contends that his request for "movement records" is relevant as it relates to his retaliation claim. However, the Court cannot identify a request for production directed to these records. For all other requests with the exception of his request for his medical records, Mr. Brown has not addressed the issue of relevance at all.

This brings the Court to the issue of Mr. Brown's request

for his medical records. Mr. Brown's request and defendants' response are as follows:

> 2. The plaintiff's complete medical files.
>
> RESPONSE: Objection. Vague; ambiguous; overly broad; unduly burdensome; unlimited in time, scope, and subject; and oppressive. Irrelevant to the extent that it seeks the production of documents regarding matters not contained in Plaintiff s Third Amended Complaint, ECF No. 132. Per ECF No. 177, Plaintiff's claims are limited to the time periods between January 18, 2011 and April 6, 2011 and between March 15, 2013 and August 26, 2013. Cumulative and duplicative. Plaintiff received medical records filed in this case under ECF No. 48-1 on March 1, 2014. *See* ECF No. 48-1, BROWN MEDICAL RECORDS pp. 1-50. Further, pursuant to R.C. 5120.21 and 07-0RD-11, Plaintiff may review his medical records. Most recently, Plaintiff reviewed his medical records on August 18, 2016. *See* Case No. 1:12-cv-583, CF No. 132. Copies of the medical records flagged by Plaintiff have been made and are currently available pending Plaintiff's payment of copying fees.

In his motion to compel, Mr. Brown addresses the issue of his medical records in this way:

> The Plaintiffs' complete medical file also was not provided. The plaintiff flagged the records he wanted but at TCI the warden and medical department refuse to allow him to have them and the defendants lawyer has lied to both the warden and the Cincinnati court saying these records were provided. Additionally, they limited the record to specific time limits but no limits should be held because there are tests and other records that show preexisting conditions and post harm caused by the denial of medical care. Additionally, the plaintiff receives $9.00 per month in state pay and has no other income. He is being charged for copies for his medical records. It would take 7 ½ months to buy the copies. Plaintiff request that the court order these copies free.

First, to the extent that Mr. Brown objects to a limitation to a specific time period, that objection has no merit. The

Court previously limited the temporal scope of events in this case as reflected in the defendants' response. Mr. Brown does not dispute the representation in defendants' response that he was able to review his medical records in August, 2016. Presumably, any records addressed to the relevant time period of his claims in this case would have been available to him during that review. He does not suggest otherwise. Further, his challenge to the defendants' representation that the copies he has requested are available to him if he would pay the copying fee is marked by inconsistency. In his motion to compel he appears to object to the idea that he be expected to pay for his medical records. In his reply, he contends that he has never refused to pay for his medical records but then requests that he be entitled to receive copies of them free of charge as a sanction against the defendants.

There is no constitutional or statutory requirement that the defendants pay for Mr. Brown's discovery efforts. See Hendricks v. Ohio Dept. of Rehabilitation and Correction, 2011 WL 3652423 (S.D. Ohio Aug. 18, 2011). Although as a pro se prisoner in a §1983 suit Mr. Brown may pursue any discovery method allowed under the Federal Rules of Civil Procedure, he must do so on the same terms as any other civil litigant. This includes paying for his own discovery costs. Id. When Mr. Brown has the means to pay for copies, as defendants have acknowledged, he is entitled to copies of his medical records.

For the reasons stated above, the motion to compel (Doc. 198) is denied.

## MOTION FOR RECONSIDERATION

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01,

pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge