IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN S. BROWN,

        Plaintiff,

vs.                                          Case No.: 2:13-cv-06
                                                   JUDGE GEORGE C. SMITH
                                                   Magistrate Judge Vascura

DIRECTOR MOHR, *et al.*,

        Defendants.

## ORDER

On June 30, 2017, the United States Magistrate Judge issued an Order denying Plaintiff's Motion to Compel. (Doc. 202). The parties were advised of their right to object to the Order. Plaintiff filed an Objection to that Order on October 12, 2017 (Doc. 214), after this Court had already adopted and affirmed the Magistrate Judge's Order. (Doc. 212). On Plaintiff's Objections, there is a time stamp that shows he attempted to timely file on September 22, 2017. Accordingly, the Court will construe the Objections as timely filed and vacate the previous Order adopting the Magistrate Judge's Order. Document 212 should be vacated and the Court will now consider Plaintiff's Objections to the Magistrate Judge's Order denying his Motion to Compel.

        Objections to a magistrate judge's factual findings are reviewed under the "clearly erroneous" standard, while objections to a magistrate judge's legal conclusions are considered under the more lenient "contrary to law" standard. *Itskin v. Gibson*, No. 2:10-CV-689, 2012 U.S. Dist. LEXIS 32169, at *3 (S.D. Ohio Mar. 9, 2012) (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). Factual findings may be overturned under the "clearly erroneous" standard only when the district court is left with a definite and firm conviction that a mistake has been made. *Id.*

(citing *In re Search Warrants Issued August 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995)). The district court's review of legal conclusions under the "contrary to law" standard is plenary, and the court "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* (quoting *Gandee*, 785 F. Supp. at 686).

In Plaintiff's objections, he takes issue with the Magistrate Judge's conclusion that he did not address the substance of his objections. Plaintiff, however, continues to raise the same arguments already considered by the Magistrate Judge. However, Plaintiff continues to challenge the truthfulness of the responses to his requests for admissions and as the Magistrate Judge clearly set forth in his Order, a Motion to Compel is not the proper way to challenge the responses themselves.

Further, with respect to his request for documents, Plaintiff again takes issue with the dismissal of his claim for denial of court access and the corresponding request for documents regarding that claim. However, the Court agrees with the Magistrate Judge that his claim has been dismissed and accordingly there is no basis to compel the production of documents relating to that claim. Plaintiff also appears to continue to seek access to his medical records which are relevant to his remaining claims. Plaintiff, however, is not claiming he has been denied access but is arguing that he should be provided copies free of charge. There is no requirement that the Defendants pay for copies of documents requested by Plaintiff. Again, this is clearly set forth in the Magistrate Judge's Order.

The Court finds that the Magistrate Judge carefully considered Plaintiff's arguments in his Motion to Compel. The Court agrees with the findings of the Magistrate Judge that Plaintiff has not established sufficient grounds for relief in his Motion to Compel. Therefore, Plaintiff's Objections are without merit.

The Order denying Plaintiff's Motion to Compel, Document 202, is **ADOPTED** and **AFFIRMED.**  Plaintiff's Motion to Compel is **DENIED**.

The Clerk shall remove Documents 202 and 214 from the Court's pending motions list.

**IT IS SO ORDERED**.

/s/ *George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**