# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**STEVEN S. BROWN,**

      **Plaintiff,**

      v.

**DIRECTOR MOHR,** *et al.*,

      **Defendants.**

**Civil Action 2:13-cv-06**
**Judge George C. Smith**
**Magistrate Judge Chelsey M. Vascura**

## ORDER and REPORT AND RECOMMENDATION

On September 28, 2017, Plaintiff, a prisoner proceeding *pro se*, filed a motion styled as "Motion Seeking Protection." (ECF No. 211). He asks for three types of relief: (1) a temporary restraining order and preliminary injunction against various non-party prison employees, who, he claims, have taken retaliatory actions against him; (2) appointment of counsel; and (3) issuance of a subpoena requiring Defendant Mohr to produce a videotape showing an assault on Plaintiff by corrections officers. It is **RECOMMENDED** that Plaintiff's request for issuance of a preliminary injunction be **DENIED**. In addition, Plaintiff's requests for appointment of counsel and issuance of a subpoena are **DENIED**.

The Court may not grant Plaintiff's first request. As the United States Supreme Court has explained, "[a] preliminary injunction is . . . appropriate to grant intermediate relief of the same character as that which may be granted finally," but is inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit." *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945). Thus, a district court does not have the authority to

issue injunctive relief on the basis of claimed injuries or actions that are unrelated to the allegations in the movant's complaint. *See Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010). In his Motion, Plaintiff asks the court to restrain and enjoin various prison employees from retaliating against him for filing and maintaining this action. Plaintiff's claims in this action relate to a period of time during which he was incarcerated at Ross Correctional Institution. Plaintiff is no longer incarcerated there, so the acts of retaliation of which he complains in support of his request for equitable relief have no relationship to his time at Ross Correctional institution. The Court cannot, therefore, grant the relief. Accordingly, it is **RECOMMENDED** that Plaintiff's request for injunctive relief be **DENIED**.

Plaintiff's request for appointment of counsel is also **DENIED**. Although this Court has the statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citation omitted). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606. The Court has evaluated whether such exceptional circumstances exist in this case and determines that the appointment of counsel is not warranted at this juncture.

Plaintiff's final request, for issuance of a subpoena, is **DENIED** for two reasons. First, because Plaintiff desires to obtain a videotape from Defendant Mohr, he could utilize discovery rules to request it from Defendant Mohr if it were relevant to the claims he asserts in this action. The video, if it exists, depicts events that occurred several years after Plaintiff filed his complaint to commence this action. It could not, therefore, be relevant to the current claims. Accordingly, even were a subpoena the appropriate method for Plaintiff to obtain the videotape, the Court would deny his request. *See* Fed. R. Civ. P. 26(b)(1) .

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE