# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**STEVEN S. BROWN,**

    **Plaintiff,**

                                              Civil Action 2:13-cv-06
                                              Judge George C. Smith
    **v.**                                          Magistrate Judge Chelsey M. Vascura

**DIRECTOR MOHR,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

On April 18, 2018, Plaintiff, a prisoner proceeding *pro se*, filed a motion styled as "Emergency Motion Addendum to Motion for Protection and for a Preliminary Injunction." (ECF No. 223). He asks the Court to prevent the destruction of his legal documents, order that he be given medical care, order that he be permitted to have access to the law library, and order that he be protected from further retaliation. It is **RECOMMENDED** that Plaintiff's motion be **DENIED**.

The Court may not grant Plaintiff's requests. As the United States Supreme Court has explained, "[a] preliminary injunction is . . . appropriate to grant intermediate relief of the same character as that which may be granted finally," but is inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit." *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945). Thus, a district court does not have the authority to issue injunctive relief on the basis of claimed injuries or actions that are unrelated to the allegations in the movant's complaint. *See Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir.

2010).

In his motion, Plaintiff asks the court to restrain and enjoin various prison employees from retaliating against him for filing and maintaining this action. Plaintiff's claims in this action relate to a period of time during which he was incarcerated at Ross Correctional Institution. Plaintiff is no longer incarcerated there, so the acts of retaliation of which he complains in support of his request for equitable relief have no relationship to his time at Ross Correctional institution. The Court cannot, therefore, grant the relief. Accordingly, it is **RECOMMENDED** that Plaintiff's request for injunctive relief be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

                                           /s/ *Chelsey M. Vascura*
                                           CHELSEY M. VASCURA
                                           UNITED STATES MAGISTRATE JUDGE