**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| STEVEN S. BROWN, | : | Case No. 2:13-cv-00006 |
| --- | --- | --- |
| Plaintiff, | : | District Judge George C. Smith |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| DIRECTOR MOHR, et al., | : | |
| Defendants. | : | |

## ORDER AND REPORT AND RECOMMENDATION[1]

Plaintiff Steven S. Brown is an inmate at the Warren Correctional Institution. He claims in the present case that multiple Defendants violated many of his constitutional rights during his previous incarceration at the Ross Correctional Institution. He now seeks, and Defendants oppose, a preliminary injunction. (Doc. #s 231, 233).

Issuance of a preliminary injunction—an extraordinary remedy—depends on the balancing of four factors:

> (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.

*Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted). "Although no one factor is controlling, a finding that there is simply

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (citation omitted).

As indicated above, Plaintiff's Motion raises new allegations about events that allegedly occurred during his current incarceration at Warren Correctional. He buttresses his Motion with evidence connected to events that allegedly occurred in early-to-mid 2018. The instant case, however, is largely limited in scope to his pre-2018 claims about alleged events during his confinement at Ross Correctional. Plaintiff's Motion therefore fails to demonstrate a substantial likelihood of success on any of the pending claims in the present case. *King v. Zamiara*, 788 F.3d 207, 217 (6th Cir. 2015) ("Because the due-process claim is not at issue in this suit, we may not grant injunctive relief to remedy an alleged due-process violation." (citing *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945)).

Plaintiff has also not shown irreparable harm because if—hypothetically—his new 2018 claims have merit, his harm would be fully reparable by way of monetary damages. *See Overstreet v. Lexington-Fayette Urban Cty. Government,* 305 F.3d 566, 578 (6th Cir. 2002). Further, Plaintiff's allegations do not implicate either of the remaining preliminary-injunctions factors.

In sum and for the above reasons, the balance of the applicable factors fails to support issuance of the preliminary injunction Plaintiff seeks. *Cf. Matthews v. Core Civic*, No. 1:16cv0108, 2017 WL 1021287, at *1 (M.D. Tenn. 2017) (Holmes, M.J.) (Report and Recommendation) ("Absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations of a correctional

facility....").

Plaintiff also asks the Court to appoint counsel to represent him in this case. The United States Constitution does not require the appointment of counsel for indigent plaintiffs in civil cases such as this, and Congress has not provided funds with which to compensate attorneys who might agree to represent those plaintiffs. Moreover, there are not enough attorneys who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint an attorney for all *pro se* plaintiffs. The Court makes every effort to appoint counsel in civil cases that proceed to trial and, in exceptional circumstances, will attempt to appoint counsel at an earlier stage of a civil case. No such exceptional circumstances presently appear in this case.

Plaintiff lastly seeks an Order granting him an extension of time concerning his "overdue responses to Summary Judgment in the Western District that [he] cannot answer due to O.D.R.C. denial of access to the law and destruction of [his] evidence." (Doc. #231, *PageID* #s 2193-94). The deadline for filing motions for summary judgement in the instant case is more than two months away. No motion for summary judgment is now pending in the instant case and, consequently, Plaintiff's response to such a motion cannot be overdue. If Plaintiff seeks an extension of time in his other case, he must pursue it by motion in that case.[2]

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's Motion for Appointment of Counsel and
Motion for Extension of Time (Doc. #237) are DENIED.

---

[2] Plaintiff's other pending case is *Steven S. Brown v. Director Mohr, et al.*, 1:12cv583 (S.D. Ohio) (Barrett, J.; Bowman, M.J.).

3

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff's Motion for Preliminary Injunction (Doc. #231) be DENIED.

October 19, 2018	*s/Sharon L. Ovington*
	Sharon L. Ovington
	United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in "Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to) …." Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).