# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| Steven S. Brown, | : | Case No. 2:13-cv-00006 |
| --- | --- | --- |
| Plaintiff, | : | District Judge George C. Smith |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| Director Mohr, *et al.*, | : | |
| Defendants. | : | |

## DECISION AND ENTRY

Plaintiff Steven S. Brown has filed several presently pending Motions. The first is a Motion For Judgment On The Pleadings Or Summary Judgment in which he asserts, "[D]efendants have refused to defend this case and have ignored this Court's orders and timeliness for filing dispositive motions." (Doc. #266, *PageID* #5194). He contends, "Now, at this time, there are no issues of disputed facts in this case." *Id*. He also submits a sworn declaration stating that everything he says in support of his Motion is true "along with everything else [he's] ever sent this Honorable Court, including all 3 complaints." *Id*. at 5195. In response, Defendants rely on their Motion For Summary Judgment. (Doc. #s 270, 254, 257). Because Defendants' have filed their presently pending Motion For Summary Judgment, they have not refused to participate, or defend, against Plaintiff's claims. Additionally, Defendants' Motion For Summary Judgment has not been resolved, and as a result, the question of whether there are issues of disputed fact has yet

to be resolved.  In these circumstances, Plaintiff's Motion For Judgment On The Pleadings Or Summary Judgment lacks merit.

Next, Plaintiff has filed a Motion To Strike Defendants' Motion For Summary Judgment in which he accuses Defendants of deliberately delaying this case for 6 years and continually destroying his legal mail, thus harming his ability to prosecute this case. He contends that the Court has the authority to strike entire Motions from the record and that striking Defendants' Motion For Summary Judgment is warranted under the "preclusionary rule." (Doc. #275) (citing *Vance, by and Through Hammons v. United States*, No. 98-5488, 1999 U.S. App. LEXIS 14943, 1999 WL 455435, at *3 (6th Cir. 1999)).  Plaintiff's accusations omit mention of the many, many times he has been able to file documents in this case, thereby demonstrating his ability to gain access to the courts. He further overlooks that much of the delay in this case is attributable to the scope of his original allegations against 46 named defendants.  His Third Amended Complaint did little to narrow the case to its essentials—it is 39 pages long—nearly twice the length of his original Complaint and far from a "short and plain statement showing [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Neither Plaintiff's Motion nor the circumstances of this case warrant an Order striking Defendants' Motion for Summary Judgment.

Lastly, Plaintiff seeks additional time to respond to Defendants' Motion for Summary Judgment.  (Doc. #276).  He asserts that Defendants did not give him all his legal papers after his most recent transfer to Mansfield Correctional Institution as "many were previously destroyed." *Id*. at 5228.  He also reminds the Court that he had a cancer operation, has lost 60 pounds, and is weak.  He predicts that his response to Defendants'

2

Motion for Summary Judgment will be with hundreds of exhibits that cost five cents per copy and he alleges that Defendants refuse to debit his account, and he has to sell his food to get enough money to respond to Defendants' Motion. It, he says, "will take awhile to get enough money." *Id*. He asks for an additional 60 days to respond.

Although Plaintiff plans to oppose Defendants' Motion with hundreds of exhibits, he does not need to re-submit any documents that are already in the case record, including the documents Defendants have filed in support of their Motion For Summary Judgment. Plaintiff, moreover, has been previously given additional time to respond to Defendants' Motion, *see* Doc. # 267, removing any possible prejudice to the delay he experienced as a result of his transfer. He has also previously been afforded well over the time normally provided to respond to Motions filed in this Court. *See* S.D. Ohio Civ. R. 7.2(a); *see also* Fed. R. Civ. P. 6(d). Plaintiff, therefore, has not shown good cause for an additional 60 days to respond to Defendants' Motion; he instead will be granted until June 17, 2019 to respond.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Motion For Judgment On The Pleadings Or Summary Judgment (Doc. #266) is DENIED;

2. Plaintiff's Motion to Strike Defendants' Motion For Summary Judgment (Doc. #275) is DENIED; and

3. Plaintiff's Motion To Expand Time To Respond To Defendants' Summary Judgment (Doc. #276) is GRANTED, in part, and Plaintiff shall respond to Defendants' Motion for Summary Judgment by **June 17, 2019**; Plaintiff's Motion To Expand Time To Respond To Defendants' Summary Judgment (Doc. #276) is DENIED in remaining part.

**PLAINTIFF IS PLACED ON FINAL NOTICE THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WILL BE RIPE ON JUNE 18, 2019 EVEN IF PLAINTIFF DOES NOT FILE A TIMELY RESPONSE. IN THE EVENT PLAINTIFF DOES NOT FILE A RESPONSE, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT MAY BE GRANTED.**

June 3, 2019                                    *s/Sharon L. Ovington*
                                                Sharon L. Ovington
                                                United States Magistrate Judge